**BEAUMONT, SOUR LAKE & WESTERN RY. CO. v. MAGNOLIA PROVISION CO. TEXAS & N. O. R. CO. et al. v. SAME. TEXAS & N. O. R. CO. v. HOUSTON PACKING CO.**

Circuit Court of Appeals, Fifth Circuit.
May 10, 1928.

No. 5191.

**I. Carriers ⬅⟿32(I)—Statute prohibiting carrier from departing from published rates must be strictly complied with (Interstate Commerce Act [49 USCA § 6]).**

Interstate Commerce Act (49 USCA § 6; Comp. St. § 8569), providing that carrier shall not charge or receive any different compensation, greater or less, than that shown by the filed and published schedule of rates, must be strictly complied with to prevent unjust discrimination.

**2. Carriers ⬅⟿32(3)—Carrier cannot avoid complying with published rates by showing enforcement thereof would violate statute (Interstate Commerce Act, 49 USCA § 4(I)).**

Carrier cannot avoid compliance with published rates by showing that such rates, if enforced, would violate long and short haul clause of Interstate Commerce Act 49 USCA § 4(1); Comp. St. § 8566(1), and subject carrier to penalties, since such a showing would only be evidence of intention indicating that a mistake was made; carrier's remedy being by applying to Interstate Commerce Commission to have rate changed.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Actions by the Magnolia Provision Company against the Beaumont, Sour Lake & Western Railway Company and against the Texas & New Orleans Railroad Company and others, and by the Texas & New Orleans Railroad Company against the Houston Packing Company. From judgments (20 F.[2d] 384) for plaintiff in first two cases, defendants appeal, and from a judgment for defendant in the third case, plaintiff appeals. Affirmed.

W. M. Streetman and W. L. Cook, both of Houston, Tex. (Andrews, Streetman, Logue & Mobley, of Houston, Tex., on the brief), for appellant Beaumont, Sour Lake & Western Railway Co.

John T. Garrison and C. E. Coolidge, both of Houston, Tex. (Garrison & Watson, of Houston, Tex., on the brief), for appellants Texas & N. O. R. R. Co. and others.

Carl G. Stearns and James J. Shaw, both of Houston, Tex. (Fulbright, Crooker & Freeman, of Houston, Tex., on the brief), for appellees, Magnolia Provision Co. and Houston Packing Co.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The appellant railroad carriers published and filed with the Interstate Commerce Commission a rate of 23 cents per hundredweight on tin cans from New Orleans to destination points that included Houston, Tex. While that remained a published rate, appellee shippers were required to pay 70 cents per hundredweight. The shipper in two of these cases brought suit to recover the excess above 23 cents, and in the other the carrier sued to recover a refund of the difference which it had paid to

the shipper. The cases were consolidated for trial, as the question in each is the same, and resulted in judgments for the shippers.

The 23-cent rate was published in the tariff schedules by mistake. The carriers intended to continue in force the pre-existing rate of 70 cents. A result of that mistake was to name a rate from New Orleans to Houston less than the rate in effect between intermediate points and Houston, in violation of the long and short haul clause of the Interstate Commerce Act. 49 USCA § 4(1); Comp. St. § 8566(1).

[1, 2] Appellants liken a published tariff rate to a contract between the carrier and the shipper in support of the argument that a mistake can be corrected so as to give effect to the intention of the parties. A shipper has no voice in the fixing of rates, but must pay the published rate, and can only make claim of reparation on account of a rate that is unjust or discriminatory. The Supreme Court has held that a published tariff rate is to be treated as though it were a statute binding upon both the carrier and the shipper. Penn. R. R. Co. v. International Coal Co., 230 U. S. 184, 33 S. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315. Section 6 of the Interstate Commerce Act (49 USCA § 6; Comp. St. § 8569) provides that a carrier shall not charge or receive any different compensation, whether greater or less, than that shown by the file and published schedule of rates. It is well settled by Supreme Court decisions that this provision of law must be strictly complied with because it is necessary to carry out the purpose of Congress to prevent unjust discrimination. Gulf, Colorado & Santa Fé R. R. Co. v. Hefley, 158 U. S. 98, 15 S. Ct. 802, 39 L. Ed. 910; New York, New Haven & Hartford R. Co. v. Interstate Commerce Commission, 200 U. S. 361, 26 S. Ct. 272, 50 L. Ed. 515; T. & P. R. R. Co. v. Mugg, 202 U. S. 242, 26 S. Ct. 628, 50 L. Ed. 1011; L. & N. R. R. Co. v. Mottley, 219 U. S. 467, 31 S. Ct. 265, 55 L. Ed. 297, 34 L. R. A. (N. S.) 671; Keogh v. Chicago & N. W. R. R. Co., 260 U. S. 156, 43 S. Ct. 47, 67 L. Ed. 183. In Lamb-Fish Lumber Co. v. Y. & M. V. R. R. Co., 42 I. C. C. 470, the Interstate Commerce Commission announces the rule that proof of error in the publication of rates does not justify a departure from the published rates, even though shippers have full knowledge that the rates were published by mistake, and that decision was cited with approval by the Supreme Court in Davis v. Portland Seed Co., 264 U. S. 403, 424, 44 S. Ct. 380, 68 L. Ed. 762. The carriers cannot defend by showing that published rates, if enforced, would violate the long and short haul clause and subject them to penalties. Such a showing would only be evidence of intention indicating that a mistake was made. Because of the policy of the law, the rate must be abided by as long as it is included in published schedules of rates. The remedy of the carriers is to apply to the Interstate Commerce Commission to have the rate changed.

The judgments are affirmed.