AMERICAN RY. EXPRESS CO., Inc., v.
PRICE BROS., Inc.
No. 6176.

Circuit Court of Appeals, Fifth Circuit.
Dec. 10, 1931.

Rehearing Denied Jan. 9, 1932.

Grady Lowrey, of Del Rio, Tex., for appellant.

C. A. Davies, of San Antonio, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Price Brothers raised small onions, and leaving part of the growing foliage on them tied them into bundles and shipped them in crates to others to plant out and grow to maturity. American Railway Express Company carried them, having a published rate on "Onions, Green," and a higher rate for "Plants, Strawberry and Vegetable." The onions were tendered for transportation under the former classification, but were charged for under the latter. A verdict was directed for Price Brothers for the difference, and the express company appeals, relying for reversal on two points only, to wit: That relief could be had only before the Interstate Commerce Commission, and that the evidence did not demand the verdict.

There is no contest about the reasonableness of either rate, and no contention that there was no rate for the onions shipped, and no effort to establish a reasonable rate for them. The only question is as to which of the two rates when properly construed was applicable to the thing shipped. This is not a question exclusively for the Interstate Commerce Commission, but is a judicial question which the courts may handle in the first instance. Great Northern R. Co. v. Merchants' Elevator Co., 259 U. S. 285, 42 S. Ct. 477, 66 L. Ed. 943; Pennsylvania R. Co. v. Puritan Coal Mining Co., 237 U. S. 121, 35 S. Ct. 484, 59 L. Ed. 867; Macon, D. & S. R. Co. v. General Reduction Co. (C. C. A.) 44 F.(2d) 499.

Rate schedules are required to be published by posting, are for the information and use of the general public, and generally the words used in them are to have their common meaning. Newton Gum Co. v. C., B. & Q. R. R. Co., 16 I. C. C. 346. The question here presented is solved by reference to two authorities: Webster's International Dictionary and United States v. Gulf Refining Co., 268 U. S. 543, 45 S. Ct. 597, 69 L. Ed. 1082. By the latter, where the commodity shipped is included in more than one tariff designation, that which is more specific will be held applicable; and where two tariff descriptions are equally appropriate the shipper is entitled to the lower rate. Common knowledge of a green onion is so general and complete, it being an immature onion in a state of growth of any size and useful either to be eaten or planted for further growth, that resort to the dictionary seems superfluous. Webster's definition of "onion" is: "The bulb of the liliaceous plant Allium cepa; also the plant, having slender hollow tubular leaves." The term "green" may relate to color or or to immaturity and sappiness. The articles shipped were green onions in both senses. The matter of size and mode of packing are not mentioned in the classification, and are immaterial. A "plant" is defined to be "A young tree, shrub or herb, planted or ready to plant." An onion is an herb and a vegetable,

and immature onions are ready to be planted if so desired, so that these green onions were also "vegetable plants," though not much like the specially mentioned strawberry plants. If it be considered that green onions constitute a species of the genus vegetable plants, then the specific rate on green onions applies. If only small green onions are such, they are still green onions, and being included also among vegetable plants, there is an overlapping of the two classifications, so that either applies to such green onions. The rate on green onions being both the specific and the lower rate may on either ground be claimed by the shipper. Despite some difference among the witnesses as to the kind of green onions they severally dealt in, the verdict directed was unquestionably right.

Judgment affirmed.