Green, Judge,
delivered the opinion:
This suit is begun to recover $175.05, which is the unpaid balance of a freight charge which plaintiff made against defendant on a shipment of hydroaeroplane parts.
The facts are not in dispute. It appears that the defendant made a shipment of four boxes of hydroaeroplane-parts consisting of pontoons, over the plaintiff’s railway.. Other articles were shipped at the same time but the controversy is solely with reference to the hydroaeroplane parts.. The classified freight rates established by the Interstate Commerce Commission provided with reference to hydro-aeroplane parts that the rate on boats or pontoons in less than carload lots should be four times the first-class rate, but that the carload rate should be one and one-half times the first-class rate with a carload minimum weight of 10,600 pounds for cars thirty-eight feet long, which is the length of the car used for the shipment of the hydroaeroplane parts. (See-items 6 and 10 of Finding III.) It was also provided with reference to hydroaeroplane parts that landing gears, knocked down, in boxes or crates should pay one and one-half times the first-class rate upon the actual weight. (See item-11 of Finding III.)
If the freight charge is based upon items 6 and 10 mentioned above, the amount due would be computed upon 10,600 pounds regardless of the actual weight. If, on the other hand, the freight is computed under item 11 mentioned above, the actual weight would be used. The payment was made by defendant in accordance with the provisions of item 11, but the freight charge made by plaintiff in accordance with items 6 and 10 was $175.05 in excess of the amount paid.
The case turns entirely upon the construction of the language used in the freight tariffs issued by the Interstate Commerce Commission. It is a well settled rule that where a specific description and classification is made in these tariffs *157 it prevails as against a more general description which would otherwise be broad enough to cover the articles shipped. It may be conceded for the purposes of the argument that landing gears would include pontoons, but pontoons are specifically classified. The bill of lading described the shipment in question as “Hydroaeroplane Parts: Pontoons.” This would not be controlling if the description was incorrect, but as a matter of fact the shipment was actually of pontoons which were parts of hydroaeroplanes. The specific classification therefore must apply in preference to the general description found elsewhere.
There are other matters shown by the evidence which tend in some degree to support this conclusion. The evidence shows that it is not practical to ship pontoons in “knocked down” form as those words are usually applied. If the words “knocked down” used in this connection mean separated into parts which would occupy less space, it would seem that the freight tariff was fixed to meet the situation by a special provision with reference to pontoons, that they should be shipped at the minimum carload rate on account of the large bulk in proportion to the weight thereof.
The plaintiff is entitled to recover $175.05, the unpaid balance of the freight charge, and judgment will be entered accordingly.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.