**DE RAMUS et al. v. MENGEL CO.**

Civ. No. 1109.

District Court, W. D. Kentucky, at Louisville.

Nov. 26, 1947.

J. Blakey Helm, Thos. J. Wood and Doolan Helm, Stites & Wood, all of Louisville, Ky., for complainants.

J. U. Smith, Jr., and Smith & Smith, all Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This cause was tried by the Court, without the intervention of a jury. The Court, having considered the pleadings, stipulation of facts, exhibits and proof, makes the following:

## Findings of Fact

1. Complainants are, and at all times since April 26, 1944, have been the duly appointed, qualified and acting trustees for the Chicago, Indianapolis and Louisville Railway Company, in reorganization proceedings, and were at all times involved in this action, operating the said railroad line as an interstate common carrier of persons and property by railroad for hire.

2. Defendant is, and, at all times hereinafter mentioned was, a corporation organized and existing under and by virtue of the laws of the State of New Jersey, having its general office and place of business in the City of Louisville, Jefferson County, State of Kentucky.

3. Between April 26, 1944 and August 13, 1945, defendant was the consignee of, and paid the freight charges on, 74 carloads of canvas cot steels, from Sterling, Illinois, to Louisville, Kentucky, via, and reaching Louisville over, the line of the Chicago, Indianapolis and Louisville Railway.

4. Freight tariffs filed by the Chicago, Indianapolis and Louisville Railway Company and its connecting carriers, and in effect during the period of the shipments herein were—

Agent Jones' Freight Tariff 130–B, I. C.C. No. 3684, Item 5230 and

Agent Jones' Freight Tariff, 130–C, I.C. C. 3926, Item 5450, providing for furniture parts and bearing a rate of 48¢ per hundred weight.

5. These same tariffs provide a rate on "Butts, Hasps or Hinges (other than Spring), Iron or Steel" of 34¢ per hundred weight (Item 3150 of Agent Jones' Freight Tariff 130–B and Item 3250 of Agent Jones' Freight Tariff 130–C) and a rate on "Hardware, noibn (abbreviation "not otherwise indexed by name") iron or steel" of 53¢ per hundred weight (Item 23020 of Consolidated Freight Classification No. 16.)

6. The canvas cot steels · shipped are in three different shapes, suggestive of Letters "L" "S" and "T". Each is a flat piece of steel, the L's and T's being about 2 inches in length and the S's about 6 inches in length. They were intended for use in the manufacture of folding Army cots.

7. In these cots the steels were used to fit over wooden parts, binding the different parts together. The cots are constructed principally of wood, with a sheet of heavy canvas stretched between two members. Through some of the wooden parts and the steels, certain pins were used to make hinge joints, around which other parts could be rotated.

8. The 74 shipments of canvas cot steels, in carload lots, made between April 26, 1944 and August 13, 1945, from Sterling, Illinois to Louisville, Kentucky, contained 2,973,378 pounds and were billed to defendant as "furniture parts" at the rate of 48¢ per hundred weight or $14,271.72 and $428.28 taxes, which total charge was paid by defendant.

Complainant contends these shipments should have been billed as "hardware, noibn, iron or steel" at the rate of 53¢ per hundred weight, or a total charge of $15,-758.90 and $472.74 taxes, and seeks the difference of $1,487.18 freight charges and $44.45 taxes.

9. Defendant filed counterclaim, contending that the 74 carload shipments of canvas cot steels should have been billed as "Hinges, (other than Springs) iron or steel" at the rate of 34¢ per hundred weight, and that the correct charges were a total of $10,109.45 and $303.26 taxes and that complainants overcharged defendant on said shipments the amount of $4,162.27 freight and $124.98 in taxes, which sum it seeks to recover, with interest from August 13, 1945.

## Conclusions of Law

■ I. Where an article shipped is included in more than one tariff designa-

tion, that which is more specific will be held applicable. United States v. Gulf Refining Co., 268 U.S. 542, 45 S.Ct. 597, 69 L.Ed. 1082.

■ II. A classification is put before the public for its information. It should be expressed in plain terms, so that the ordinary business man can understand it, and in connection with the rate sheets, can determine for himself what he can lawfully be charged for the transportation. Tariff being written by carrier, all ambiguities or reasonable doubts as to meaning must be resolved against carrier. Union Wire Rope Corporation v. Atchison T. & S. F. Railway Co., 8 Cir., 66 F.2d 965; Burrus Mill & Elevator Co. v. Chicago R. I. & P. R. Co., 10 Cir., 131 F.2d 532.

■ III. Carrier addressing word in tariff to special class of shippers, must abide by established or customary meaning of word in that class. Atlantic Bridge Co. v. Atlantic Coast Line, D.C., 56 F.2d 163, affirmed 5 Cir., 57 F.2d 654; American Ry. Express Co. v. Price Bros., 5 Cir., 54 F.2d 67.

■ IV. The word "furniture" is defined by Webster's New International Dictionary as "the necessary appendages to anything, as to a machine, a carriage, a ship, etc., specif., builder's hardware, such as locks, door and window bolts and fastenings, hinges, etc." This classification is peculiarly fitting here, because the canvas cot steels in question can be used for no purpose other than for the manufacture of folding cots.

V. The canvas cot steels are furniture parts, and as such, defendant was entitled to have them classified as "furniture, furniture parts and other articles" and shipped at the rate of 48 cents per hundred weight.

An order will be prepared and submitted, dismissing the complainants' petition and the counterclaim of the defendant.