## UNITED STATES v. STRICKLAND TRANSP. CO., Inc.

### No. 13863.

United States Court of Appeals
Fifth Circuit.

Dec. 8, 1952.

Hubert H. Margolies, Attorney, Dept. of Justice, Washington, D. C., David O. Belew, Jr., Asst. U. S. Atty., Ft. Worth, Tex., for appellant.

Ralph W. Currie, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment[1] entered in a suit and cross suit making claims of under and over charges on shipments by motor carrier of internal combustion engines. The judgment adjudicated in favor of the carrier that the shipments were properly billed at the rates claimed by the carrier rather than at the lower tariff rates claimed by the government.[2]

---

1. Purportedly based on and conforming to the court's oral opinion:

 "I find as facts, gentlemen, that the facts that are set forth in the stipulation are correct, and, that airplane engines, even though internal combustion, are parts of airplanes, and, are not liable to the tariff rate under either agricultural implements, or, machinery.

 "I think, however, the correct amount due here which should be found for the plaintiff is an intermediate amount, giving careful attention to the credibility of the witness, and, particularly to the weight to be given to his testimony is, and judgment may therefore go for the plaintiff for $3234.20."

2. The carrier claimed 125 and 150 percent of first class for "air craft parts N.O.I. other than cloth or metal and wood combined". National Motor Freight Classification Tariff.

 The government claimed 40 percent of first class for internal combustion en-

The United States, appealing from the judgment, is here urging its reversal for procedural and substantive errors. The procedural error relied on is: that, this being a Tucker Act case, 28 U.S.C.A. §§ 1346, 1402(a), 2401, 2402, 2411, 2412, specific and comprehensive findings of fact were required; that none were filed, however, but only the wholly inadequate oral opinion set out in Note 1, supra; and that the judgment must, therefore, be reversed and the cause sent back for adequate findings.

The substantive error claimed is that the principles governing the construction and application of tariffs demanded: findings, that, of the four possible ratings [3] put forward as applicable, one of the first three thereof was the controlling one; and a judgment giving those findings effect.

The appellee insists: that the opinion of the district judge contained sufficient findings to satisfy the procedural requirements of the Tucker Act; and that the selection of the Classification rating, "Aircraft or Parts Named, Etc." (No. 4 in note 3, supra) as the applicable rating was correct in fact and in law. So insisting it urges that the judgment must be affirmed.

 We do not think so. We think, on the contrary, that the appellant is right in both of its contentions. Of the opinion that it appears as a matter of law that the proper rating was that provided by the classification "Machinery, or Machines or Parts Named—Engines, steam or internal combustion, NOI", we find it unnecessary to reverse for the procedural error claimed. We think this rating is the proper one because it more precisely describes and better fits the shipments in question than does the rating for which appellee contends; that, in short, it is the more specific and, therefore, the controlling rating.[4]

We think this is so, too, because, if it be considered that the shipment could come under either of the two classifications, the shipper was entitled to the "Machinery or Machines" classification because the rate prescribed by it is the lower.[5]

 Finally, we think appellant has the right of it because, if it could be considered that there is an ambiguity in the tariff and it is not made clear under which rating the articles shipped come, the ambiguity must be resolved in favor of the shipper, and the lower rate must be awarded to him.[6]

---

gines listed under several descriptions in the National Motor Freight Classification Tariff and in Hughett's Tariff Southwestern Motor Freight Bureau Tariff, naming exceptions to National Motor Freight Classification under the generic headings of "Automobile Parts" or "Agricultural Implements", or "Machinery or Machines". These hearings enumerated internal combustion engines among the articles included within the caption. The articles enumerated under the generic heading of "Aircraft, etc.", in the National Motor Freight Classification Tariff did not include internal combustion engines or aircraft power plants.

3. As correctly stated in appellee's brief:
"Four possible ratings were suggested to the trial court. They are:
"1. 'Automobile Parts' (an Exception to the Classification rating, published in Agent J. D. Hughett's Tariff, reproduced as Appendix XXV to Government's Brief).
"2. 'Agricultural Implements and Other Articles' (an exception rating, published in Hughett's Tariff; Appendix XXIII of the Government's Brief).

"3. 'Machinery, or Machines or Parts Named—Engines, steam or internal combustion, NOI' (a classification rating, reproduced as Appendix VII of the Government's Brief).
"4. 'Aircraft or parts named—Aircraft parts NOI, other than cloth and metal or wood combined.' (A classification rating reproduced as Appendix VI of the Government's Brief.)"

4. Cf. Union Pacific RR. Co. v. U. S., 93 F.Supp. 617, 117 Ct.Cl. 757; United States v. Gulf Refining Co., 268 U.S. 542, 45 S.Ct. 597, 69 L.Ed. 1082; Atchison, T. & S. F. v. United States, 74 Ct.Cl. 154.

5. U. S. v. Gulf, 268 U.S. 542, 45 S.Ct. 597, 69 L.Ed. 1082; Great Northern v. Delmar, 283 U.S. 686, 51 S.Ct. 579, 75 L. Ed. 1349; American Ry. Express Co. v. Price Bros., 5 Cir., 54 F.2d 67; Willingham v. Seligman, 5 Cir., 179 F.2d 257.

6. Atlantic Coast Line v. Atlantic Bridge Co., 5 Cir., 57 F.2d 654; Calderon v. Atlas, 170 U.S. 272, 18 S.Ct. 588, 42 L.Ed. 1033; Baltimore & O. R. R. v. Doyle, 3 Cir., 142 F. 669; Toyo Kisen

These views find support in the principles and authorities governing the construction and application of tariffs generally and in the omission from the classification "Aircraft or parts named—Aircraft parts NOI", of a specific designation of aircraft engines or airplane power plants which the carrier in this case claimed these engines were. They find it, too, in the rulings and practices of the Interstate Commerce Commission in cases where attempts have been made to make such specific designation,[7] or, in the absence of such a designation to obtain a ruling that airplane engines are different from and must move under the higher aircraft and aircraft parts rating rather than under the lower rating of engines—internal combustion.[8]

In giving expression to these views, it is not intended to depart at all from what is held or said by this court in United States v. M. K. & T. Railroad Co., 5 Cir., 194 F. 2d 777, 778.[9] It is, on the contrary, to reaffirm it. Indeed the decision in that case is direct authority for our decision here. It is true that in that case the tariffs which were involved were railroad tariffs, while here they are motor carrier tariffs, and that their makeup and content are not the same. It is true, too, that the construction given there resulted in applying the higher tariff claimed by the carrier rather than the lower claimed by the shipper. The principles laid down and applied to the facts there and the considerations given controlling effect, however, are the same as those laid down and given effect here.

■ Of the view appellee puts forward and makes so much of, that because the record contains evidence from which it might well be found that the engines in question or some of them were intended for use in airplanes, this would require a finding that the applicable rating would be that prescribed for airplane and airplane parts, it is sufficient to say that we regard this view as entirely untenable. The question for decision here is not, as appellee seems to think that it is, what in fact was the use to which the internal combustion engines were expected to be or were put. The questions posed are: (1) Was the article which was shipped an internal combustion engine? (2) Was there a specific tariff rating applying to internal combustion engines? and (3) If it be assumed that some or all of the engines shipped were for use in airplanes, was the rating on internal combustion engines lower and, therefore, more favorable to the shipper than the rate provided under airplanes and airplane parts?

While, therefore, we are of the opinion that the findings would have been too meager and inadequate to support the judgment, if there had been any dispute of fact

Kaisha v. W. R. Grace & Co., 9 Cir., 53 F.2d 740; So. Pacific Co. v. Lothrop, 9 Cir., 15 F.2d 486.

7. Mr. Hughett's testimony, "The Interstate Commerce Commission suspended the publication we made in which we attempted to take out from the internal combustion engines airplane engines."

8. Airplane Engines in Official Territory, 258 I.C.C. 226; Airplane Engines Between Points in Southwest, 43 M.C.C. 242. We think it noteworthy, too, that in U. S. v. Missouri K. & T., 5 Cir., 194 F.2d 777, airplane engines were not specifically classified and moved under a tariff as such, but moved under a tariff exception: "Agricultural Implements and other articles—Engines—steam or internal combustion."

9. "The construction of a printed railroad tariff presents a question of law and does not differ in character from that presented when the construction of any other document is in dispute. The four corners of the instrument must be visualized and all the pertinent provisions considered together, giving effect so far as possible to every word, clause, and sentence therein contained. The construction should be that meaning which the words used might reasonably carry to the shippers to whom they are addressed, and any ambiguity or reasonable doubt as to their meaning must be resolved against the carriers. But claimed ambiguities or doubts as to the meaning of a rate tariff must have a substantial basis in the light of the ordinary meaning of the words used and not a mere arguable basis. Hohenberg v. Louisville & N. R. R. Co., 5 Cir., 46 F.2d 952; Christensen v. Northern Pac. Ry. Co., 8 Cir., 184 F. 2d 534; Norvell-Wilder Supply Co. v. Beaumont, Sour Lake & Western Ry. Co., 274 ICC 547."

or conflict in the evidence, we are of the further opinion that there is not such conflict or dispute and as matter of law the judgment entered for plaintiff was erroneously entered. Because we are, the judgment appealed from is reversed and the cause is remanded for findings and a judgment for the defendant in accordance herewith.