## UNITED STATES v. STRICKLAND TRANSP. CO., Inc.

No. 14215.

United States Court of Appeals
Fifth Circuit.

May 15, 1953.

---

Joseph Kovner, Edward H. Hickey, Attys., Dept. of Justice, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., Frank B. Potter, U. S. Atty., Tom M. Shaw, Wm. Cantrell, Jr., Asst. U. S. Attys., Dallas, Tex., for appellant.

Ralph W. Currie, Dallas, Tex., for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Appellee, Strickland Transportation Company, recovered judgment below for sums alleged to be due it by appellant for transportation charges on internal combustion engines shipped by the United States, and billed as such. .

The United States claims that the applicable tariff is that prescribed for internal combustion engines under the heading of "Automobile Parts," or "Agricultural Implements," while the carrier claims that since the engines are designed for use in airplanes they fall within the classification "Aircraft Parts NOIBN" (not otherwise indexed by name), the latter carrying a much higher freight rate than internal combustion engines in the National Motor Freight Classification Tariff.

The trial court sustained the carrier's contentions, and awarded it a recovery for the difference in the two rates, as the United States, though originally paying at the higher rate, had made deductions from sums due for other shipments, which finally reduced the payment to the lower rate.

The determinative question here presented is precisely the same as in U. S. v. Strickland Transp. Co., 5 Cir., 200 F.2d 234, 235, decided after the judgment on appeal was rendered. It was there held by this court in a suit between these same parties, on facts precisely the same in principle, that engines such as these should be classified as "Engines, steam or internal combustion, NOI" (not otherwise indexed) under the general heading "Machinery, or Machines or Parts Named", which take a low rate, and not as "Aircraft Parts," which take a higher rate. This is because the term "internal combustion engines" more precisely describes the articles shipped, than the term "airplane parts," and, being more specific, is the applicable rating. It was further held in the last cited case that articles shipped are to be classified according to their nature and essential character at the time of shipment, disregarding the future use to which they might be put, but if such articles could come under either of two· classifications the ambiguity should be resolved in favor of the shipper, and the lower rate applied. Compare U. S. v. Missouri-Kansas-Texas R. Co., 5 Cir., 194 F.2d 777.

As the United States has paid in full under the applicable (low) rate, the judgment awarding recovery under the higher rate must be, and is hereby, reversed, and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.