4 F.3d 995
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WENHAM TRANSPORTATION, INC., Plaintiff-Appellant,
v.
INLAND STEEL COMPANY, Defendant-Appellee.
 No. 92-4188.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 89-01681, Motia, J.
 N.D.Ohio
 AFFIRMED
 BEFORE: RYAN and BOGGS, Circuit Judges; and ECHOLS, District Judge.[1]
 PER CURIAM.
 
 
 1
 The district court found that appellant Wenham Transportation was not entitled to an undercharge against appellee Inland Steel, and accordingly summary judgment was entered. Wenham now argues that the district court applied the wrong tariff. For the reasons stated, we affirm.
 
 
 2
 * Wenham Transportation, Inc. is in the trucking business. Inland Steel is a producer of primary iron and steel products. Between November 1985 and August 1987, Wenham made 243 deliveries of iron and steel to Inland's plants in Elyria and Solon, Ohio. Wenham billed Inland, and prompt payment was made. No disputes ever occurred.
 
 
 3
 On September 4, 1987, Wenham filed for bankruptcy protection. Facing dire financial straits, Wenham examined its books in hopes of finding additional sources of cash. After an audit, Wenham claimed that it had failed to bill Inland the applicable charges for overlength shipments, pursuant to Wenham tariff 209-A, Item 673. That tariff provides for an additional charge for shipments that exceed the length of 44 feet 6 inches (or that exceeded a special limit of 47 feet for shipments from Chicago, Illinois to Elyria and Solon, Ohio). Because Wenham claimed that Inland's goods were 47 feet in length, and were not shipped from Chicago, Illinois, Wenham argued that it was entitled to additional compensation, in the amount of $38,914.81, plus interest.
 
 
 4
 On July 23, 1992, the district court granted summary judgment for Inland. The court ruled that the 47 feet tariff rule applied. Wenham then filed this timely appeal.
 
 II
 
 5
 Wenham is empowered to sue for undercharges that were its own mistake. Maislin Industries, U.S. Inc. v. Primary Steel, Inc., 497 U.S. 116, 110 S.Ct. 2759 (1990). In this case, Wenham contends that it undercharged Inland based upon tariff 209-A, Item 673. This Wenham tariff provides for an additional charge for any article that exceeds any of the following dimensions:
 
 
 6
 HEIGHT: 8 feet 6 inches; or
 
 
 7
 WIDTH: 8 feet 6 inches; or
 
 
 8
 LENGTH: 44 feet 6 inches; or
 
 
 9
 47 feet (on shipments from Chicago, IL to Elyria and Solon, OH, or on
 
 
 10
 shipments to Gary, IN); or
 
 48 feet (on shipments from Detroit, MI or
 Monroe, MI to Elyria, OH (emphasis added)
 
 11
 The goods shipped to Inland's Elyria and Solon, Ohio locations came from East Chicago, Indiana and were 47 feet long. Wenham contends that for goods originating from outside Chicago, Illinois, the limit for the lower rate is 44 feet 6 inches. It is Wenham's sole contention on appeal that the 47 feet limit is inapplicable because the goods originated in East Chicago, Indiana, not Chicago, Illinois.
 
 
 12
 The district court properly rejected this argument, and granted summary judgment. Tariff 209-A, in addition to containing Item 673, supra, contains Item 210. This Item provides:
 
 
 13
 Unless otherwise provided in particular rate items, rates applicable from or to Chicago, IL, as the case may be, will also apply from or to the following points:
 
 
 14
 * * *
 
 INDIANA
 
 15
 * * *
 
 East Chicago
 
 16
 ....
 
 
 17
 Item 210 makes the Chicago rates applicable to shipments from East Chicago, Indiana "unless otherwise provided in particular rate items...." Item 673 does not provide otherwise. Wenham has not offered a convincing rationale to distinguish or obviate the application of Item 210. The plain language of the statute supports Inland Steel's contention that Chicago, Illinois includes East Chicago, Indiana. The plain meaning of words must be relied on when determining the meaning of a tariff. Great N. Ry. v. Merchants Elevator Co., 259 U.S. 285, 42 S.Ct. 477 (1922); Pure Oil Company v. Alston & S. Railway, 284 I.C.C. 461, 465 (1952). Accordingly, we reject Wenham's position.
 
 
 18
 This conclusion is buttressed by the intent of the drafters. The affidavits of the drafters of Item 673 for Wenham unequivocally state that the term "Chicago, Illinois" was intended to cover the greater metropolitan area, including the areas known as "East Chicago, Indiana." J.A. at 87 and 165. Wenham does not even contest that this was the drafter's intent. In the face of ambiguity, the intent of the drafters is relevant for determining a tariff's meaning. United States v. Strickland Transportation Co., 200 F.2d 234 (5th Cir.1952). Finally, Inland's position is further supported by the black letter doctrine that all tariff ambiguities are to be construed against the drafters. Coca-Cola Co. v. Atchison, T. & S.F. Ry. Co, 608 F.2d 213 (5th Cir.1979).
 
 
 19
 For these reasons, we reject the appellant's position, and AFFIRM the judgment of the district court.
 
 
 
 [1]
 The Honorable Robert L. Echols, United States District Court Judge for the Middle District of Tennessee, sitting by designation