**DUHAME et al.**
**v.**
**UNITED STATES.**
**No. 516.**

United States Court of Claims.
March 2, 1954.

David Reich, Washington, D. C., for plaintiffs. William L. Murphy, Washington, D. C., was on the brief.

Thomas H. McGrail, Washington, D. C., with whom was Asst. Atty. Gen. Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

LITTLETON, Judge.

In this suit plaintiffs seek recovery of certain sums alleged to be due them from the Government, under eight construction contracts entered into between the parties during 1941 and 1942. All contracts covered work to be performed on Federal installations in the State of Arizona, and the amounts sought to be recovered are excise or license taxes assessed against plaintiffs by that State in connection with the performance of these contracts. It is the position of the plaintiffs that these taxes should be included as an item of cost under the contracts. Their inclusion as an item of cost was rejected by the War Department and General Accounting Office.

Plaintiffs have set forth their claims as seven separate causes of action,[1] and the case is now before the court on defendant's motion for judgment on the pleadings as to certain counts predicated on two grounds: first, that the first and second causes of action are barred by our six-year statute of limitations, and second, that the first, third, fifth and seventh, fail to state a cause of action upon which relief may be granted.

After the filing of defendant's motion, plaintiffs requested and were granted leave to amend their petition. This amendment corrected certain dates referred to in the original petition. These corrections cured the defect raised by the defendant's plea of the statute of limitations, and the defendant's motion is, therefore, denied in so far as it seeks dismissal of the first and second causes of action on that ground.

This leaves for decision that part of the motion which is directed at the first, third, fifth and seventh counts, on the grounds that they fail to state a claim upon which relief may be granted.

At the time these contracts were executed there was in effect in the State of Arizona a revenue act[2] which contained the following provision:

Sec. 73–1303:

"From and after the effective date of this act, there is hereby levied and shall be collected by the tax commission for the purpose of raising public money * * * annual privilege taxes measured by the amount or volume of business done by the persons on account of their business activities and in the amounts to be determined by the application of rates against values, gross proceeds of sales, or gross income, as the case may be, in accordance with the following schedule: * * *."

Under this provision of the 1935 law the State Tax Commission of Arizona assessed the taxes in question against plaintiffs' contracts, and during 1946 plaintiffs paid them under protest. In the matter of Duhame v. State Tax Commission of the State of Arizona, 65 Ariz. 268, 179 P.2d 252, 171 A.L.R. 684, plaintiff, E. W. Duhame, carried his protest

---

1. The amounts claimed under the various counts by each of the plaintiffs are as follows:

Elemer Wesley Duhame, a/k/a E. W. Duhame, d/b/a E. W. Duhame Construction Company, Count I $3,618.78 and Count II $1,276.84. Fisher Contracting Co., Count III $1,473.09 and Count IV $277.51. Tiffany Construction Company,

a co-partnership composed of Algernon Eugene Tiffany and Herbert Chassee Tiffany, Count V $290.16, and Count VI (two contracts) $816.27. Arizona Sand & Rock Company, Count VII $1,964.36.

2. Arizona Revenue Act of 1935, as amended, Arizona Laws, 1935, Ch. 77, Amend. Laws 1937, Ch. 2, A.C.A.1939.

to the Supreme Court of Arizona and the decision of that court upheld the right of the commission to assess the tax.

All contracts here in question contained the following provision:

"ADJUSTMENT OF CONTRACT PRICE BY REASON OF CHANGE IN FEDERAL TAXES.—Unless otherwise indicated, the prices herein include any Federal tax or charge heretofore imposed which is applicable to the supplies or work covered hereby. If after the date of a written bid, the Federal Government shall impose, remove, or change any duty, sales, use or excise tax or any other tax or charge directly applicable to the supplies or work covered hereby or the materials used in the manufacture thereof or directly upon the importation, production, processing, manufacture, construction or sale of such supplies, work, or materials, which tax or charge must be borne by the Contractor because of a specific contractual obligation or by operation of law, or, in case of a decrease or elimination of a tax, where the Contractor is relieved to that extent, *and if* [sic] *the case of an increase in an existing tax or the imposition of a new tax the Contractor has paid such tax or charge to the Federal Government, or any person,* then the prices named herein will be increased or decreased accordingly and any amount due to the Contractor as a result of such change will be charged to the Government and entered on vouchers (or invoices) as a separate item: Provided, however, that the Government reserves the right to issue to the Contractor in lieu of such payment a tax exemption certificate acceptable to the Federal Government, and Provided further, that nothing contained herein shall be construed as requiring the Government to reimburse the Contractor for any Federal income taxes, income surtaxes or excess profits taxes."

The present dispute evolves around the application of this provision.

Defendant has moved for judgment on the pleadings, comprised of the petition and answer, contending that there exists no dispute as to any material fact, and that on the basis of the contracts, plaintiffs have failed to state a cause of action upon which recovery may be had.

It is the position of the plaintiffs that under this adjustment of price provision, they are entitled to be reimbursed for not only federal taxes but also for any local or state taxes which might be assessed in connection with their contracts. Plaintiffs, while recognizing that the provision uses the term federal taxes throughout, urge that the use of the phrase "or any person," as it appears in the italicized portion above, creates an ambiguity in the language of the provision. This, plaintiffs state, requires the taking of evidence in order to determine the intention of the parties. This evidence, they allege, will establish the fact that it was the intention of the parties at the time of the execution of the contracts that this adjustment of price provision was to apply to state and local as well as federal taxes. They further contend that if the provision was to apply only to federal taxes, the use of the phrase "or any person," in designating to whom the taxes were to be paid, would be meaningless. Plaintiffs argue that the only other person to whom taxes might be paid would be local or state taxing authorities, and when read in the light of this possible interpretation, the provision becomes ambiguous, thus defeating final disposition of this issue on a motion for judgment on the pleadings.

We cannot agree with plaintiffs' contentions. It appears that plaintiffs are grasping at a straw. It is difficult to see, in the absence of language expressly negativing its application to local and state taxes, how the provision in question could be more explicit in its purpose to apply to federal taxes only. The title line refers directly and only to federal taxes and that term alone is used throughout its text. Taxes, State or

Federal, are usually paid to some agent of the sovereign. Generally, when a written contract is clear and unequivocal its meaning must be determined by its contents alone, and a meaning cannot be given to it other than that which is expressed. In the absence of some ambiguity, which we do not find in the contracts, it is the language which must prevail. These general rules apply in Arizona. Rodriquez v. Childress, 34 Ariz. 489, 272 P. 921; Neale v. Hinchcliffe, 21 Ariz. 452, 189 P. 1116.

All material facts needed for a decision on the issue presented are undisputed, and since the sole issue is one of law, that is, interpretation of a contract provision, we believe that it presents a proper situation for disposition on a motion for judgment on the pleadings. In so deciding we are not unmindful of that degree of caution which the courts exercise in granting this type of motion. Michel v. Meier, D.C., 8 F.R.D. 464, 470. However, the opposing party cannot defeat its use by merely alleging that an issue of fact exists. Felt, for Use of United States v. Ronson Art Metal Works, D.C., 107 F.Supp. 84, 85. While a motion for judgment on the pleadings admits all facts well pleaded, it does not admit, *inter alia*, facts pleaded which would be inadmissible in evidence at trial. Hargis Canneries v. United States, D.C., 60 F.Supp. 729. Having found the provision in question unambiguous, we have no need in this case of the extrinsic evidence which plaintiffs propose to introduce. Neale v. Hinchcliffe, supra.

Therefore, defendant's motion in so far as it is directed at the first, third, fifth and seventh causes of action is granted, and plaintiffs' amended petition on those counts is dismissed. Defendant's motion is denied with respect to the second count (statute of limitation), and the case is referred to a commissioner of the court for further proceedings on that as well as the fourth and sixth causes of action. It is so ordered.

JONES, Chief Judge, and WHITAKER, Judge, concur.

MADDEN, Judge (concurring in the result).

I agree with the court's conclusion. The language of the contract, quoted in the opinion of the court, says quite plainly that the taxes to which it related were federal taxes. The plaintiffs say in argument that they should be permitted to go to trial in order to show that the "intention of the parties" was that the language was also to apply to State taxes. But in their petition they allege only that they so thought and intended. Their misconstruction of plain language, not concurred in nor induced by the other party to the contract, would be immaterial.

My disagreement with the opinion of the court is based upon what I regard as its undue emphasis upon the letter of the contract, and its inference that even though both parties had intended something different from what the language of the contract seemed to say, the language, according to its ordinary reading, would still be controlling.