TOMÁS FIGUEROA PIÑERO, Plaintiff and Appellant, *v.* MI-RANDA & EGUÍA, INC., Defendant and Appellee.

No. 12504.   Decided September 22, 1961.

*César J. Dones Magaz* for appellant.   *Rodríguez Ema* and *Rodríguez Ramón* for appellee.

Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, and Mr. Justice Blanco Lugo and Mr Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The plaintiff agreed with the firm Miranda & Eguía, Inc. to transport its merchandise from the piers to the corpora-

tion's warehouses and from there to the different dealers within the metropolitan area. It was stipulated that the contract would have no fixed term. Two months after the plaintiff had been rendering services to the corporation, the latter terminated the contract. This action gave rise to this suit requiring the corporation to compensate the damages sustained by the plaintiff by the sudden termination of the contract.

The trial court dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and rendered judgment dismissing the same.

The contract entered into between the parties provides that:

"This contract is executed without a fixed term; however, the appearing party of the second part [the plaintiff] binds himself not to terminate it without giving written notice at least three months in advance to the appearing party of the first part [Miranda & Eguía, Inc.]." (Bracket ours.)

██ An examination of the transcribed provision reveals that the contract could be terminated by either party, but it was expressly agreed that if the party bound to render the transportation service elected to rescind it, he was bound to notify the other party of his intent three months in advance. Obviously, the purpose of this last provision was to enable the defendant to procure the services of another person to render the transportation service.

Appellant invokes § 1208 of the Civil Code (31 L.P.R.A. § 3373) in support of his theory that the trial judge erred in dismissing the complaint. The said section provides that "the validity and fulfilment of contracts can not be left to the will of one of the contracting parties." In *Arecibo Motor Co.* v. *Caribe Motors Corp.*, 60 P.R.R. 391 (1942), in referring to that legal provision, we said:

"Section 1208 of the Civil Code (1930 ed.) which provides that 'The validity and fulfillment of contracts can not be left

to the will of one of the contracting parties,' and which the appellant cites in support of its appeal, is not applicable to the facts of this case, for, as already stated, the evidence showed that the contract could be terminated, not by the defendant alone, but by either of the parties. Commenting on § 1256 of the Spanish Civil Code, similar to § 1208 of our code, Manresa upholds the validity of such contracts, as follows:

" 'Likewise the language of the section, by confining the prohibition to the arbitrary action by one of the parties, shows that it is quite licit to leave the rescission of the contract *to the will of either of the parties,* as often happens in certain contracts (lease of services, furnishing of electric power, etc.) because in such case the section is neither infringed, nor is there any discrimination made between the contracting parties, *who continue to have equal powers regarding the performance.'* (Italics ours.) "[1]

Scaevola maintains the same view:[2]

"If the time or *duration* of the contract is not covered by the provision of § 1256, the same is true of its term or *extinction.* It may be left to the will of one of the parties *by express agreement,* without detriment and impairment of the purity and life of the stipulation. The example of the loan, cited above, serves the same purpose: upon my being able to return the amount *whenever* I wish, it is within my power to terminate the contract, which in no way affects the validity and effect of the obligation. Leases are conceived and actually exist providing for their termination at the will of the lessor or of the lessee.. and this alternative does not even presuppose vicious pact...

" . . . . . . .

" . . . In the Spanish civil law, § 1256, in referring to the contract in general, covers the two great modalities of the obligation, the pure and the conditional. In the cases to which we have made reference there is an express covenant relative to the termination of the contract. Even though it is left to the will of one of the parties, there is mutual consent, bilateral will, and, as has been stated, it falls outside § 1256 because the parties act *within* the contract.

[1] 8 Manresa, *Comentarios al Código Civil Español* 557 (4th ed. 1908)..
[2] 20 Scaevola, *Código Civil* 517, 519 (1904 ed.).

"A very different situation is the will of one of the contracting parties *outside* of the contract, that is, when one of them wishes to terminate at his will, with more propriety, arbitrarily, the stipulation contracted. This is what is illegal, what is reproached by § 1256, and formerly by the authorities."

In its Judgment of March 5, 1896 (79 *Jur. Civ.* 425) the Supreme Court of Spain, in considering the challenging of a lease contract without a fixed term, stated as follows: "nor violates . . . § 1256 of the Code, which does not apply to the issue because it did not involve the nullity of the contract, nor was the validity and performance of the covenants in the contract left to the will of the owner."

It having been provided by agreement of the parties that the contract had no fixed term, either party could terminate it at will with the limitation that the party rendering the service was bound to give notice thereof three months in advance.

Therefore, the action of the trial court in concluding that the complaint did not state facts sufficient to constitute a cause of action was correct.

■ Appellant cites the case of *Boulon* v. *Pérez*, 70 P.R.R. 941 (1950), in support of his contention that the trial court "should not have entertained the motion to dismiss." Before proceeding with the consideration of the case, it is pertinent to state that it is not the better practice to quote from a case as was done by appellant. He chose syllabus 4, part of a sentence of syllabus 2, and syllabus 3, and copied them as if they were part of the text of the opinion, thereby causing the logical confusion. *Cf. Rundle* v. *Fraticelli*, 60 P.R.R. 249 (1942). Upon examining the opinion rendered in the case cited by appellant, we find that, in citing from Moore, it maintains that "a complaint may be dismissed on motion if clearly without merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim or in the

disclosure of some fact which will necessarily defeat the claim. But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."

██ We admit that the prevailing rule is to the effect that a complaint should not be dismissed "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."[3] *Cruz* v. *Ortiz*, 74 P.R.R. 298 (1953); *Sinclair Refining Company* v. *Atkinson*, 290 F.2d 312 (7th Cir. 1961); *Fitz-Patrick* v. *Commonwealth Oil Company*, 285 F.2d 726 (5th Cir. 1960); 1 Barron and Holtzoff, Federal Practice and Procedure 644, § 356. But, as stated in *Sacarello* v. *Retirement Board*, 75 P.R.R. 253 (1953) ". . . that does not mean that in every case where a motion to dismiss of that nature is presented the plaintiff must necessarily prevail. The former rule has as an exception those cases in which notwithstanding laxity in interpreting the allegations of a complaint, the court after studying them is fully convinced that ultimately the plaintiff will not prevail." See, also, *Izquierdo* v. *Izquierdo*, 80 P.R.R. 68 (1957); *Sheaf* v. *Minneapolis, St. P. & S.S.M.R. Co.*, 162 F.2d 110 (8th Cir. 1947); Barron and Holtzoff, *op cit.* at 649, 650, § 356.

Having examined the allegations, the reality is that here the trial court had under consideration all the elements necessary to make an adequate determination on the existing controversy between the parties. There clearly existed the circumstances which according to Moore, as stated in the *Boulon* case, should be present in order that a motion for dismissal may be granted. And if such was the case, what did we accomplish by postponing the decision in the case? We quote from *Duhame* v. *United States*, 119 F.Supp. 192 (Ct. Cl. 1954):

---

[3] See text of Rule 10.2(5) of the Rules of Civil Procedure of 1958.

"All material facts needed for a decision on the issue presented are undisputed, and since the sole issue is one of law, that is, interpretation of a contract provision, we believe that it presents a proper situation for disposition on a motion for judgment on the pleadings."

The errors assigned were not committed. The judgment rendered by the Superior Court, San Juan Part, on February 25, 1958, will be affirmed.