Per Curiam:
This case was referred pursuant to Rule 37(e) to Saul Richard Gamer, a trial commissioner of this court, with directions to make his recommendation for conclusions of law on plaintiffs’ motion and defendant’s cross-motion for summary judgment. The commissioner has done so in an opinion filed March 4, 1963, wherein he recommended that plaintiffs’ motion for summary judgment be granted, with the amounts of their recoveries to be determined pursuant to Rule 38(c), and defendant’s cross-motion for summary judgment be denied. It appears to the court that plaintiffs have failed to file a request for review of the commissioner’s opinion and recommended conclusions of law and that the time for so filing under the Rules of the court has expired. It further appears that on April 3,1963, defendant filed a memorandum to the court stating that defendant would take no exceptions to the said opinion and recommended conclusions of law. Since the court is in agreement with the opinion and recommendation of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Plaintiffs are therefore entitled to recover. Plaintiffs’ motion for summary judgment is granted with the amounts of their recoveries to be determined pursuant to Rule 38(c). Defendant’s cross-motion for summary judgment is denied.
*235 OPINION OE COMMISSIONER
Nine motor carriers are here in dispute with defendant concerning the rates properly applicable to certain transportation services they performed in connection with the shipment of household goods. The applicable tariff contained two rules relating to the services involved, which were incident to storage in transit. Defendant contends that the rule which provides the lower rates properly covers the services performed. Plaintiffs argue that that rule is inapplicable to them and that the services they performed are properly covered by another rule, to which higher rates apply. As a result of action by the Comptroller General, payment has been made on the basis of the lower rate rule, and plaintiffs consequently sue for the difference between such rates and the rates applicable to the rule upon which they rely.
The controversy in effect revolves about the proper interpretation of a short “note” to the rule which defendant contends is applicable. This rule is Rule 20 of “Supplement No. 11 to Tariff No. 7, Independent Movers’ & Warehouse-men’s Association, Inc., Agent, Naming Local and Joint Rates on Household Goods.” By special agreements entered into between the plaintiff carriers and various Government agencies, as authorized by Section 22 of the Interstate Commerce Act (49 U.S.C. § 22), said Tariff No. 7 was made applicable to the shipments herein involved.[1] Rule 20, set forth in the part of the supplement headed “General Rules And Regulations” (and which follows the first part of the supplement which is devoted to “Participating Carriers And Territorial Scope”), comprehensively defines “Transit storage of shipments,” including when and how such transit storage is effected, the time limits for such storage, the services incident thereto, such as loading and unloading, and the records to be kept both by the carrier and the warehouse. It is conceded that the services performed by plaintiffs are properly de *236 scribed by this Rule. However, at the end of the Rule, there appears this “note” :
“This rule applicable for account of Don E. Eaton * * * on local (single line) traffic.”
The Supplement then goes on to set forth another comprehensive “Storage in Transit” rule, Eule 47. This is the rule upon which plaintiffs rely. It too, in fashion similar to Eule 20, although in somewhat different language, defines “storage in transit,” covering the same matters and subjects as Eule 20. It is similarly conceded that the services performed by plaintiffs are also described by the provisions of this rule and that, for the purpose in question, both miles are substantially the same. At the end of this rule, there appears the following “exception” :
“This Rule will not apply for account of Don E. Eaton * * * on local (single line) traffic.”
Following the part of the Supplement in which all the rules are set forth (Eule 47 being the last) appears the final part which sets forth in various “sections” the several rates and charges applicable to the services described by the Eules. The rates for the services performed “subject to provisions of Eule 20,” are set forth in Item 80 of Section I (which was also applicable to the former Eule 20), in two subparagraphs, one covering the “Storage Charge” and the other covering the “Handling” charges, consisting of “Unloading, warehouse handling, and reloading of vehicle at warehouse.” The rates for the services performed “subject to Eule 47” are, however, set forth in two separate sections, the “Storage-in-Transit-Eates” also being set forth in Section I but at the end thereof in a newly added “Item 180,” and the “Pickup Or Delivery Transportation Eates To Apply On Storage-In-Transit Shipments” being set forth in a comprehensive newly added Section VII. For the services plaintiffs performed, the rates applicable to Eule 47 are higher.
Plaintiffs contend that, although there are here two rules describing the services they performed, it is plain that Eule 47 is the one that applies to them because' the “note” to
*237 Rule 20 restricts that rule’s application only to the Eaton Company on its local traffic. Defendant responds that that would be true if the Note did in fact restrict the application of the Rule “only” to Eaton. It argues, however, that the Note does not contain the word “only” or any other similar language that serves explicitly to limit the application of that rule to that one carrier. It says that in the absence of such explicit restrictive language, the proper interpretation of the Note is that Rule 20 applies to Eaton on local traffic and to all the other carriers participating in the tariff on all their traffic, both interline[2] and local. At least, defendant contends, this is a possible and a reasonable interpretation. Defendant concedes that there is nothing in the “Exception” to Rule 47 which serves to remove plaintiffs from the application of that rule too. It argues, however, that since there are thus two rules covering the same services by the same plaintiff carriers, there results an ambiguous situation as to which rule was intended to apply to such carriers, and that therefore, in accordance with well-accepted principles of tariff interpretation, when tariff provisions “are ambiguous, or permit of two meanings,” so that a shipper cannot reasonably tell which of two equally appropriate rates are applicable, “the shipper may construe them in the most favorable way to himself which the terms permit.” Atlantic Coast Line R. Co. v. Atlantic Bridge Co., 57 F. 2d 654, 655 (5th Cir. 1932). To the same effect are United States v. Gulf Refining Co., 268 U.S. 542, 546 (1925); Western Pacific R. R. Co. v. United States, 150 Ct. Cl. 1, 11 (1960), 279 F. 2d 258, 264; United States v. Strickland Transp. Co., 200 F. 2d 234, 235-236 (5th Cir. 1952); Union Wire Rope Corp. v. Atchison, T. & S. F. Ry. Co., 66 F. 2d 965, 967 (8th Cir. 1933), cert. den., 290 U.S. 686.
Defendant’s reliance here upon such “ambiguity” or “two tariff” rule cannot be accepted. Of course, almost any word or group of words can be twisted, by strained construction, into an “ambiguity.” However, that Rule 20 was, in the instant circumstances, intended to be restricted in its applica *238 tion only to Eaton — even tliougb. the Note does not expressly include such word “only” — is manifest.
Supplement No. 11 was issued on January 28,1953, by the Executive Secretary of the Independent Movers’ & Ware-housemen’s Association, Inc., acting as Agent for the participating carriers. It set forth all the changes that had been made subsequent to the issuance of the original Tariff No. 7, canceled two previous supplements, Nos. 5 and 10, and for the first time added Rule 47, the rule being so designated as a newly added one, as well as Item 180 of Section I in the “rates and charges” part, and Section VII, both Item 180 and Section VII similarly being so designated as newly added, and both being “subject to Rule 47.”[3] Rule 20 had previously appeared in the canceled Supplement No. 5. Up to the time Supplement 11 was issued, Rule 20 as set forth in Supplement No. 5 was the only storage-in-transit rule applicable to all the carriers participating in the tariff. Thus, Supplement 11 canceled Supplement 5 containing the all-inclusive Rule 20, then reissued the identical Rule 20 but with the note stating that the rule “was applicable for account” of the Eaton Company on local traffic, and then further added the new Rule 47 with the Exception as to the Eaton Company, and the new comprehensive rate and charge provisions applicable to Rule 47.
Surely under these facts and circumstances there could be no reasonable doubt by a shipper that, reading Rules 20 and 47 together, Rule 20, as reissued, was now limited in its applicability to Eaton on local traffic, and that the new Rule 47 was applicable to everyone else on both local and interline or joint traffic. Indeed, if Rule 20 were still applicable to everyone else, as defendant claims, then no possible purpose would exist for the promulgation of the new Rule 47 covering the same services as Rule 20. It would not even serve the purpose of covering Eaton’s services on interline or joint traffic, for an entirely different rule, Rule 45, specifically made the rates set forth in another tariff (Tariff No. 8, MF *239 I.C.C. No. 22, as amended) applicable thereto.[4] Thus, under defendant’s interpretation, Rule 47, as well as Item 180 of Section I, and the entire Section VII, both restricted in their applicability to Rule 47, would all be complete nullities. Surely this is hardly a reasonable conclusion as to what was intended to be accomplished by Supplement No. 11 and the extensive changes and additions it promulgated with respect to storage-in-transit and the services incident thereto.
A prerequisite to the application of the ambiguity rule is that the ambiguity must be a substantial and reasonable one when the tariff is considered as a whole. Christensen v. Northern Pac. Ry. Co., 184 F. 2d 534, 536 (8th Cir. 1950) ; Burrus Mill & Elevator Co. v. Chicago, R. I. & P. R. Co., 131 F. 2d 532, 535-536 (10th Cir. 1942), cert. den., 318 U.S. 773. Although “astute ingenuity might succeed in reading ambiguity into the language,” the intent that is “the natural and obvious import of the tariffs as a whole” must control. Southern Pac. Co. v. Lothrop, 15 F. 2d 486, 487 (9th Cir. 1926), cert. den., 273 U.S. 742. An unreasonable construction of a tariff, to which is applicable “the general doctrines of construction of contracts,” should always be avoided. A. E. West Petroleum Co. v. Atchison, T. & S. F. Ry. Co., 212 F. 2d 812, 816, 820 (8th Cir. 1954). That a proposed interpretation would serve to nullify certain tariff provisions serves to weigh heavily against its acceptance. Southern Pac. Co. v. Lothrop, supra, at p. 487. Reading all the rules together, the obvious meaning of the supplement to the tariff is that Rules 20 and 45 apply to Eaton on local and joint traffic, respectively, and Rule 47 applies to all other participating carriers on both local and joint traffic.
On the basis of the above considerations, plaintiffs’ motion for summary judgment should be granted, with the amounts of their recoveries to be determined pursuant to Rule 38(c), and defendant’s cross-motion for summary judgment should be denied. It is so recommended.

 49 U.S.C. 317(b) permits motor carriers to avail themselves of the provisions of Section 22.

 Traffic handled by more than one carrier is referred to as interline, or joint, traffic.

 By a Note to Item 180, and an Exception to Section VII, the provisions of such Item and Section, -were stated as not being applicable to Don Eaton on single line traffic.

 In their motion papers, both parties state that Rule 47 of Supplement 11 covered Eaton’s interline or joint traffic. However, at a conference held pursuant to Court of Claims Rule 37 (f) (2), at which counsel were permitted to present oral argument, both counsel conceded that these statements were erroneous in view of Rule 45 of Supplement 11‘.