**W.D.C. CARTHAGE ASSOCIATES, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 90–91C.**

United States Claims Court.

Dec. 26, 1991.

---

Steven L. Schooner, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

Paul D. Kelly, Rochester, N.Y., for plaintiff.

**ORDER** *

WEINSTEIN, Judge.

Having considered the parties' cross-motions for summary judgment and the re-

---

* The court issues this revised order originally issued October 31, 1991, pursuant to defendant's *Motion to Publish Order.*

sponses and replies thereto, and agreeing that the issue—construction of a single provision (Article IV) of leases between the parties—is an issue of law amenable to summary judgment, the court grants defendant's motion for summary judgment.

### Facts and Discussion

Article IV of the leases between plaintiffs W.D.C. Carthage Associates, et al. and the United States Army Corps of Engineers states:

> That portion of the annual Rental attributable to maintenance shall be increased or decreased at the commencement of each year of the lease after the first year of the lease through the twentieth year of the lease by the increase or decrease in the Housing, Shelter, Maintenance and Repair Index for the preceding twelve months of the "Economic Indicators" prepared for the Joint Economic Committee of Congress by the Council of Economic Advisors as published by the Government Printing Office so as to reflect any increases or decreases in costs incurred by Owner in maintaining the Premises in accordance with the provision of this Lease.

Notwithstanding this clear language, plaintiffs ask that the government increase the maintenance rental, not by the amount in the appropriate national index of the publication referenced in the leases, but rather, by the amount set out in a certain provision of another publication, the *CPI Detailed Report*, which includes (in addition to a national index identical to the one referenced in the leases) a regional index for the northeast region, where plaintiffs' properties are found.

Plaintiffs' only rationale, other than policy arguments that it would be fairer to more closely approximate their "actual costs," is in the form of parol evidence regarding the supposed intentions of the parties at the time the leases were executed. This type of evidence is not admissible for purposes of varying the terms of an unambiguous contract provision such as this. *Northern Assurance Co. v. Grand View Bldg. Ass'n*, 183 U.S. 308, 361, 22 S.Ct. 133, 153, 46 L.Ed. 213 (1901) ("contracts in writing, if in unambiguous terms, must be permitted to speak for themselves, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts"); *Greco v. Department of Army*, 852 F.2d 558, 560 (Fed.Cir.1988) ("[o]nly if there is ambiguity [in the terms of the agreement] should parol evidence be considered"); *Beta Sys., Inc. v. United States*, 838 F.2d 1179, 1183 (Fed.Cir.1988) ("[t]he general rule is that extrinsic evidence will not be received to change the terms of a contract that is clear on its face" (citing *SCM Corp. v. United States*, 675 F.2d 280, 284, 230 Ct.Cl. 199 (1982))); *Perry & Wallis, Inc. v. United States*, 427 F.2d 722, 725, 192 Ct.Cl. 310 (1970) ("Where a contract is not ambiguous, the wording of the contract controls its meaning and resort cannot be had to extraneous circumstances or subjective interpretations to determine such meaning." (citing *Duhame v. United States*, 119 F.Supp. 192, 195, 127 Ct.Cl. 679 (1954))).

