COON VALLEY GRAVEL COMPANY, appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, appellee.

No. 47610.

(Reported in 41 N.W. 2d 676)

MARCH 7, 1950.

Abramson & Myers, of Des Moines, for appellant.

R. L. Read and B. A. Webster, Jr., both of Des Moines, for appellee.

HAYS, J.—The material facts as stipulated are: In 1945 plaintiff shipped one hundred six carloads of sand and gravel over defendant's line to industries thereon but within the Des Moines switching area. Each car weighed in excess of 115,000 pounds and was hauled a distance in excess of three miles but less than five miles. For this service plaintiff paid to defendant at the rate of one and three-fourths cents per hundred pounds actual weight, the sum of $2311.26 plus tax of $69.43.

Plaintiff alleged that under the tariff schedule the correct rate was a flat charge of $8.91 per car, irrespective of the actual weight, and brings this action at law to recover the overcharge. Appellee claims it is merely a minimum charge. The case was tried to the court without a jury and resulted in the dismissal of plaintiff's petition. Plaintiff appeals.

The sole question presented by appellant as a basis for a reversal centers upon the construction to be placed upon Item 690 of appellee's filed tariff schedule. Item 690 is as follows:

| "All freight | Industries or Industries or Team Tracks | Industries Team Tracks Team Tracks | 1¾ cents per 100 pounds actual weight, minimum $6.93 per car. (See Note 1.) |

"Note 1.—Applies only when haul is 3 miles or less. When haul is in excess of 3 miles charge will be $8.91 per car."

Upon the general legal principles involved, there is no real dispute between the parties. All agree that under chapter 479, Code of 1946, sections 479.48–479.65, a tariff schedule must be on file with the Iowa State Commerce Commission before service or transportation may be furnished by the carrier, and then only in accordance with such filed schedule. Section 479.65 provides that no carrier shall charge, demand, collect or receive a greater or less or different compensation for any service in connection therewith than the rates and charges applicable to such transportation as specified in its schedule, then on file. It is also agreed that the schedule has the force and effect of a statute and, in the absence of an ambiguity, even though a mistake is apparent therein, it must stand as filed until corrected in the statutory manner. See Bacon Bros. v. Alabama Great Southern R. Co., 269 I.C.C. 571; Davis v. Portland Seed Co., 264 U. S. 403, 44 S. Ct. 380, 68 L. Ed. 762; Green Bay Lumber Co. v. Chicago, B. & Q. Ry. Co., Iowa, 284 N.W. 369; Cummings Sand & Gravel Co. v. Minneapolis & St. L. R. Co., 182 Iowa 955, 166 N.W. 354, L.R.A. 1918C 797; Sheldon v. Chicago, B. & Q. R. Co., 184 Iowa 865, 169 N.W. 189.

The parties also agree that a tariff schedule is to be construed according to the same rules as are other documents, such

as statutes and contracts. 13 C.J.S., Carriers, section 303; 9 Am. Jur., Carriers, section 144.

The object to be attained in interpreting a contract is to ascertain the meaning and the intent of the parties as expressed in the language used. 12 Am. Jur., Contracts, section 227; Des Moines Union Ry. Co. v. Chicago G. W. R. Co., 188 Iowa 1019, 177 N.W. 90, 9 A.L.R. 1557.

Appellant urges as the sole basis for a reversal that the terms of Item 690, tariff schedule, are clear, concise and unambiguous; that, even conceding an error or mistake in the same, under the rules of construction above stated the schedule provides for a flat rate and must stand as filed.

Appellee takes the position that there is no mistake or error; that Item 690 clearly states the rate to be one and three-fourths cents per hundred pounds, actual weight; that if such schedule is susceptible of other meaning an ambiguity exists and must be interpreted under the usual rules pertaining in such cases. This rule is well-stated in Des Moines Union Ry. Co. v. Chicago G. W. Ry. Co., 188 Iowa 1019, 177 N.W. 90, 9 A.L.R. 1557, to the general effect that the end and purpose of the construction of an agreement is to arrive at the real meaning and intent of the parties. To this end it is necessary to consider first the natural import of the words or language the parties have chosen for its expression and read it in the light of its context, as well as in the light of the circumstances under which it was made.

We believe the true approach to the question before us is set forth in Green Bay Lumber Co. v. Chicago, B. & Q. Ry. Co., Iowa, 284 N.W. 369, 375, where we said:

"The tariff and the tariff schedules are binding upon the shipper and the carrier so long as they remain operative, and they are conclusive as to the rights of the parties. *But this action is to determine what were the valid schedules operative and in force.*" (Italics added.)

Such is the matter before us here.

From the above schedule it appears without dispute that as to the shipments of three miles or less, the rate is a minimum charge of $6.93 per car with a rate of one and three-fourths cents

per hundred pounds actual weight, depending upon which is the larger amount based upon the weight of the car. The dispute arises when the haul is over the three-mile limit. To meet this situation the schedule states "See Note 1." Note 1 says, "Applies only when haul is 3 miles or less. *When haul is in excess of 3 miles charge will be $8.91 per car.*" (Italics added.)

Appellant contends that Note 1 supersedes the statement "1¾ cents per 100 pounds actual weight, minimum $6.93 per car" when the haul exceeds three miles. To adopt this construction leads to the result that the charge for a long haul, over three miles, irrespective of weight, is made at a cheaper rate than for a short haul, under three miles. Such a construction would place the appellee in the position of violating section 479.14, Code, 1946, which provides that no carrier "shall charge * * * any greater compensation in the aggregate * * * for a shorter than a longer distance." This construction also ignores the well-recognized rule of construction that when two constructions of a written instrument are possible preference must be given to that which does not result in a violation of the law. Great Northern Ry. Co. v. Delmar Co., 283 U. S. 686, 51 S. Ct. 579, 75 L. Ed. 1349.

Based upon the above rules of construction, we are satisfied that the only fair and reasonable interpretation to be given to this schedule is that Note 1, when applicable, does not alter or affect the basic rate of one and three-fourths cents per hundred pounds actual weight, but states only a minimum charge below which transportation will not be furnished. It merely supersedes the minimum charge of $6.93 where the haul is three miles or less and makes the charge $8.91 per car. This was the holding of the trial court and we find no error therein. The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.