**NATIONAL VAN LINES, INC., et al., Plaintiffs-Appellants,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants-Appellees.**

**No. 15071.**

United States Court of Appeals Seventh Circuit.

Jan. 14, 1966.

---

James A. Velde, Chicago, Ill., Bryce Rea, Jr., Washington, D. C., for plaintiffs-appellants, Gardner, Carton, Douglas, Chilgren & Waud, Chicago, Ill., of counsel, for all plaintiffs-appellants; James L. Beattey, Jr., Indianapolis, Ind., of counsel, for Aero-Mayflower Transit Co.; Robert J. Bernard, Chicago, Ill., of counsel, for Greyhound Van Lines; G. Zan Golden, Ft. Wayne, Ind., of counsel, for North American Van Lines; G. M. Rebman, St. Louis, Mo., of counsel, for United Van Lines.

Lionel Kestenbaum, Gerald Kadish, Attys., Appellate Section, U. S. Dept. of Justice, Donald F. Turner, Asst. Atty. Gen., Washington, D. C., Edward V. Hanrahan, U. S. Atty., Northern Dist. of Ill., Chicago, Ill., Robert W. Ginnane, Gen. Counsel, Arthur J. Cerra, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The Household Goods Carriers' Bureau and ten motor carriers of household goods, suing as members of a class, seek reversal of a district court decision upholding an order of the Interstate Commerce Commission. The order of the Commission concluded that the carriers had collected charges from shippers in excess of published tariffs in violation of section 217(b) of the Interstate Commerce Act, 49 U.S.C. § 317(b).[1] The question presented concerns the Commission's interpretation of the tariffs published by the carriers.[2]

The tariffs in issue were filed in 1959 by the Household Goods Carriers' Bureau, as agent for its 1700 carrier-members, pursuant to agreements approved by the Commission. The 1959 tariffs replaced tariffs which had been in effect since early 1957. The difference between the 1957 and 1959 tariffs provides the background for this appeal.

The general features of the 1957 and 1959 tariffs are similar. Both begin with extensive recitation of general rules and regulations, followed by a table giving rates for shipments of various distances and weights.

Section II of the 1957 tariffs,[3] which follows the general provisions, is a rate-fixing section. Its scope of application is specifically stated to be "shipments * * * transported between all points in the United States, Canada and Mexico." The following exception then appears: "These rates will not apply in territory described in Section III except as otherwise provided in Section III. * * *" The rate table itself is then set out, providing rates for shipments of different weights for distances from 1 to 4300 miles. At the end of the rate table is a note which reads: "Over 4300 miles, see Rule 23."

Section III of the 1957 tariffs is another rate-fixing section. It specifically relates to shipments from the northeast-

1. The Commission's decision is reported at 315 I.C.C. 537 (1962).

2. The case is here for the second time. In an earlier appeal, National Van Lines, Inc. v. United States, 326 F.2d 362 (7th Cir. 1964), we held that the orders of the Commission declaring that departures from published tariffs had occurred were reviewable by the district court, but we expressed no opinion on the merits of the Commission's tariff interpretations.

3. Tariff MF—I.C.C. No. 75 will be used here as an illustration of the language of the 1957 tariffs. Relevant portions of this tariff are set out in Appendix A.

ern part of the country and certain parts of the Chicago metropolitan area to "any point in the United States, Canada and Mexico." The rate table which follows lists rates for shipments of different weights for distances from 1 to 500 miles.[4] A note at the end of the table states: "Over 500 miles, apply rates shown in Section II."

Rule 23, mentioned in the note after the tables in Section II, is contained in the general provisions of both the 1957 and 1959 tariffs. It provides that when a shipment is transported a distance in excess of that shown in the rate tables, a charge of 75 cents (25 cents in the 1959 tariffs) will be added "for each additional 100 miles * * * in excess of the distance shown in the rate table to obtain per hundred pound rate applicable on the shipment." [5]

The 1957 tariffs were replaced by tariffs filed during 1959.[6] The provisions of the new tariffs were nearly identical with those of the 1957 tariffs,[7] except for changes necessary to reflect rate increases [8] and with one relevant omission. The 1959 tariffs inadvertently omitted the note "over 500 miles, apply rates shown in Section II" at the end of the table in Section III.

In spite of the omission of the note at the end of Section III, the carriers continued to apply the rates stated in the 1 to 4300 mile table of Section II to shipments exceeding the 500 mile limit of the table in Section III. In other words, on shipments originating in the northeastern states and the Chicago metropolitan area the carriers computed charges from the rate table in Section III for shipments between 1 and 500 miles, and utilized Section II for shipments over 500 and under 4300 miles.

Early in 1960, the omission of the note at the end of the table in Section III of the 1959 tariffs was noticed by a shipper, who thereupon filed claims for overcharges. The shipper contended that, with the omission of the note, shipments originating in Section III territory which were transported a distance in excess of 500 miles were governed by Section III in conjunction with Rule 23 rather than by Section II, thus producing substantially lower charges than those computed under Section II.

The note following the table in Section III was eventually reinserted by tariff supplements issued from time to time during 1960.

The Commission began an investigation late in 1960 to determine whether the carriers had charged rates greater than, or different from, those prescribed in the 1959 tariffs. A majority of six Commissioners found that the charges made by the carriers during the period when the note at the end of Section III was omitted were not in conformity with a proper interpretation of the tariffs. Five Commissioners dissented, four of them on the ground that the omission of the note had no effect on the application of the tariffs.

The construction given by the majority was incorporated in the Commission's

---

4. The purpose of a special section of this type was to provide higher rates for the carriers in the areas in which they experienced higher labor costs.

5. Rule 23 was designed to provide a tariff for those unusual circumstances when, because of a shipment-diversion, a given shipment might move more than 4300 miles, the maximum distance shown in the rate tables.

6. Tariff MF—I.C.C. No. 89, which cancelled MF—I.C.C. No. 75, will be used here as an illustration of the language

of the 1959 tariffs. Relevant portions of this tariff are set out in Appendix B.

7. A clause excepting points in Alaska and Hawaii from the application of the rate tables in Sections II and III was one of the few minor changes made in the 1959 tariffs.

8. A few rate reductions were made. In the most significant reduction, the additional rate for shipments moving a distance in excess of those shown in the rate tables (Rule 23) was reduced from 75 cents to 25 cents.

order.[9] A motion to vacate the order was denied. The district court affirmed the order of the Commission. This appeal followed.

The Commission based its decision upon the proposition that a literal interpretation of the 1959 tariffs results in but one possible construction. The following portions of the tariffs are pertinent to the Commission's reasoning: (1) Section II, which provides a rate table for distances from 1 to 4300 miles and is applicable to shipments from and to "all points in the United States * * *, Canada and Mexico," states that its rates do not apply in "territory described" in Section III "except as otherwise provided in Section III"; (2) Section III provides a 1 to 500 mile rate table which applies to all shipments originating from the points described therein and destined for "any point in the United States * * *, Canada and Mexico"; (3) Rule 23, applicable "when a shipment is transported a distance in excess of that shown in the rate tables," provides, "first find the rate in the applicable weight column for the greatest distance shown in the applicable table of rates. Add to [this] rate * * *"

From these provisions, the Commission reasoned that Section II is not applicable to any shipments, regardless of distance from any point listed on the title page of Section III, and that therefore the rate for a shipment in excess of 500 miles originating from any point listed in Section III must be determined by adding an amount based upon the formula in Rule 23 to the rate provided by Section III for the maximum 500-mile distance. The Commission concluded, in effect, that without the note contained in the 1957 tariffs, Section III does not allow a shipment from Section III territory in excess of 500 miles to be charged at Section II rates. The Commission summarized its position as follows.

> This title page [Section III] contains no exception which would allow

section II rates to apply on such shipments. We see no escape from the conclusion that the reference to "territory described in Section III * * *" is to the particular territorial description on the title page of section III and not merely to transportation within that territory for distances not exceeding 500 miles.

Four of the dissenting members of the Commission adopted an entirely different view. They found an ambiguity or uncertainty in the 1959 tariffs. The dissenters stated:

> The uncertainty results from doubtful and ambiguous tariffs which * * *, are subject to two possible and feasible interpretations; one, rather technical, which results in overcharges aggregating several million dollars and in some situations undercharges amounting to as much as $800 on one single shipment. This is the interpretation adopted by the majority.

> The other feasible interpretation— the fair and reasonable one in the circumstances here presented * *, would give effect to the clear and *undisputed* intention of the framers of the tariffs, and require no readjustment of the rates charged. * * *

We agree with the conclusion of the dissenting members of the Commission that absent the note inadvertently omitted from Section III in the 1959 tariffs there is an uncertainty about what rates are applicable to shipments over 500 miles which originate in the restricted territory described in that section. Section III's title page, as we pointed out, provides that the rates listed therein apply to shipments from the northeastern section of the country and metropolitan Chicago to *any point* in the United States, Canada, and Mexico. Yet the rate table in Section III provides rates for shipments of a maximum distance

---

**9.** The order required no affirmative action, since the Commission is without power to order motor carriers to make reparations.

of only 500 miles. The ambiguity is apparent. Many points in the United States, Canada, and Mexico are over 500 miles from any point of origin listed in Section III. The uncertainty, furthermore, is not resolved by a reading of Rule 23. That rule provides that it will apply "when a shipment is transported a distance in excess of that shown in the rate *tables*." Although Section III is limited by the provision for shipments of less than 500 miles only, Section II provides a table for shipments up to 4300 miles and is expressly applicable to shipments from and to any point in the United States, Canada, and Mexico. Section II, in turn, excepts from its application the "territory described" in Section III. It is not clear whether the "territory described" in Section III consists solely of the geographical areas listed or is limited by the scope of the rate table immediately following.[10]

Since there can be but one rate applicable on any given shipment, the problem is to determine that rate from a proper construction of the tariffs. In undertaking this construction, the ambiguity to which we have referred must be resolved.

The resolution of the ambiguity brings us to a consideration of the construction of the tariffs urged by the carriers and with which the dissenting members of the Commission agreed. As they suggest, Section II basically applies to all shipments from and to all points in the United States up to 4300 miles. Section III is a limited exception to this general provision. The carriers contend that the title page of Section III, listing certain "restricted" areas of origin and designating the United States, Canada, and Mexico as destination points, should be read together with the rate table immediately following. When thus read, the rate table limits the "territory described" in Section III to any point within 500 miles of the restricted points of origin listed

in Section III. Accordingly, shipments in excess of 500 miles originating from these points are not within the coverage of Section III at all. These shipments, however, are within the express coverage of Section II.

The carriers, moreover, point out that the note, "over 500 miles, apply rates shown in Section II," appearing in the 1957 tariffs was placed at the end of the rate table of Section III, apart from the table itself. This placement, they say, is an indication that the note was merely a helpful cross-reference or guide to shippers and was not essential to a proper application of the tariffs.

■■ It is conceded that the reference note was omitted through inadvertence. It is contended for the Commission that, inadvertent or not, the omission of the note changed the meaning of the tariffs, and that the law is clear that deviation from a published tariff may not be excused. The latter statement is accurate, but inapplicable here. If there were no doubt about the construction of the 1959 tariffs, as published, the Commission majority would be correct. Section 217(b) of the Interstate Commerce Act, 49 U.S.C. § 317(b), imposes upon a carrier the absolute obligation to collect charges in accordance with published tariffs. Inadvertent mistake provides no excuse for a deviation. Armour & Co. v. Atchison, T. & S. F. Ry., 254 F.2d 719 (7th Cir. 1958). Even though the tariff of a common carrier through inadvertence violates the long and short haul clause in section 4 of the act, 49 U.S.C. § 4, deviation will not be permitted. Davis v. Portland Seed Co., 264 U.S. 403, 44 S.Ct. 380, 68 L.Ed. 762 (1924); Beaumont, S. L. & W. Ry. v. Magnolia Provision Co., 26 F.2d 72 (5th Cir. 1928). In short, application of tariffs as published is required regardless of the intention of the parties and irrespective of the equities existing between carriers and shippers. Louisville & N. R. R. v.

---

10. All parties seem to agree that the words "territory described in Section III" contained in the exception stated in Section II may not be taken literally in at least one sense. Since by its own language Section III is limited to shipments *originating from* the points listed, the "territory described" is similarly restricted.

Maxwell, 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853 (1915).

We have already concluded, however, that the inadvertent omission of the note in Section III of the 1959 tariffs does not ipso facto change the meaning of the tariffs. At most, it creates an ambiguity or uncertainty. We agree with the carriers and the dissenting members of the Commission that their construction of the tariffs is a feasible interpretation which serves as an alternative to the construction given by the Commission majority. Under such circumstances, we think the traditional rules of construction of written instruments are controlling in arriving at the proper application of the tariffs. The intention of the framers and other considerations thus become relevant.

The construction given the tariffs by the Commission would defeat the intention of the carriers. The Commission admitted that the purpose of Section III was to provide higher rates for short hauls from a section of the country that is more densely populated and has more congested highways, higher wage rates, and higher carriers' costs than other areas. But according to the Commission's interpretation charges on shipments exceeding 500 miles from the high cost area would generally be much lower than the charges on shipments originating in other parts of the United States. For example, only $438 would be charged on a 4000 pound shipment from Cleveland to Los Angeles (2422 miles) whereas $516 would be charged on a shipment of the same weight from Kansas City to Los Angeles (1653 miles). Similarly, the charge on a shipment from Chicago to San Francisco would be less than the charge from Omaha to San Francisco and the charge from Detroit to Miami would be less than the charge from Charleston, West Virginia, to Miami.

The purpose of the 1959 tariffs was to effect a general increase in transportation rates. The title pages of Sections II and III of the 1959 tariffs note in accordance with Commission directives that "all rates in this section are increases unless otherwise indicated." Symbols indicating a reduction or no change in prior rates appear in a comparatively small number of instances. Yet under the Commission's interpretation the 1959 tariffs would have produced reductions from the 1957 tariffs on many shipments from the "restricted" territory beyond a 500 mile limit contrary to the intended and expressed purpose of the carriers.[11]

Another rule of construction is that a tariff should be interpreted to avoid unjust, absurd, or improbable results. Glickfeld v. Howard Van Lines, Inc., 213 F.2d 723, 727 (9th Cir. 1954); A. E. West Petroleum Co. v. Atchison, T. & S. F. Ry., 212 F.2d 812, 816 (8th Cir. 1954). If a tariff is subject to different constructions, an interpretation which is reasonable and consistent with the purposes of the tariff should be preferred to a construction which is impractical or which leads to absurd consequences. The construction adopted by the Commission majority in this case has already been shown to violate the intention of the carriers. This construction also requires the determination of shipping charges by an unusual process in which the principal rate-fixing formula is obscured as an insignificant exception in a maze of general rules and regulations. Such a strained application of the tariffs should not prevail in the face of the reasonable alternative urged by the carriers.

It is also settled that contracts and other written instruments will be construed to avoid a possible violation of law. Perry Coal Co. v. N. L. R. B., 284 F.2d 910, 914 (7th Cir. 1960), cert. denied, 366 U.S. 949, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961). Thus a tariff should receive a construction which produces charges that are legal, in prefer-

11. It was estimated by testimony before the Commission that if the Commission's interpretation were to stand, the over-charges by four of the carriers would aggregate approximately two and one-half million dollars.

ence to one which would produce illegal rates. Great No. Ry. v. Delmar Co., 283 U.S. 686, 691, 51 S.Ct. 579, 75 L.Ed. 1349 (1931). Here, the application of the 1959 tariffs by the Commission results in charges which would probably be unreasonable and discriminatory within the meaning of section 216(d) of the Interstate Commerce Act, 49 U.S.C. § 316(d). Further, such charges would violate the principle of the long and short haul clause of section 4 of the act, 49 U.S.C. § 4, a principle which is applicable in determining the prima facie reasonableness of all tariff rates. Patterson v. Louisville & N. R. R., 269 U.S. 1, 11, 46 S.Ct. 8, 70 L.Ed. 131 (1925). The construction of the tariffs urged by the carriers is to be preferred for this reason.

▮ The practical application of tariffs by interested persons should also be considered in determining the meaning of the tariffs. This conclusion follows from the rule that in interpreting contracts courts will give weight to what the parties themselves have done pursuant to their agreements. American Cyanamid Co. v. Ellis-Foster Co., 298 F.2d 244, 246 (3rd Cir. 1962); Oddie v. Ross Gear & Tool Co., 305 F.2d 143, 151 (5th Cir.), cert. denied, 371 U.S. 941, 83 S.Ct. 318, 9 L.Ed.2d 275 (1962). Here the carriers made charges in accordance with a reasonable interpretation of the tariffs and, with one exception, all shippers—many of whom customarily audit their shipping charges—made payment without objection.

▮ It is contended for the Commission, that any ambiguity which appears in the tariffs must be resolved in favor of the shippers, that the carriers should not receive the benefit of a liberal rule of construction. It is true that doubt about the meaning of tariffs is generally resolved against the carriers as a corollary to the rule that written instruments will be construed strictly against their drafters. United States v. ICC, 91 U.S.App.D.C. 178, 198 F.2d 958, 966, cert. denied, 344 U.S. 893, 73 S.Ct. 212, 97 L.Ed. 691 (1952); United States v. Missouri-Kansas-Texas R. R., 194 F.2d 777, 778 (5th Cir. 1952). However, we do not think that such a rule should be followed when it is outweighed by other equally settled and applicable rules of construction. A strict construction of the tariffs against the carriers who drafted them is not justified when such construction ignores a permissible, reasonable construction which conforms to the intention of the framers of the tariff, avoids possible violations of the law, and accords with the practical application given by shippers and carriers alike.

▮ Finally, it is contended that the Commission's construction is entitled to substantial weight, citing, among other cases, Sonken-Galamba Corp. v. Thompson, 225 F.2d 608 (10th Cir.), cert. denied, 350 U.S. 896, 76 S.Ct. 154, 100 L.Ed. 788 (1955). But as that case noted, decisions of the Commission are not conclusive. Although due weight should be accorded the Commission's construction of a tariff, it is within the competence of the courts to construe a tariff in a manner which differs with the Commission's interpretation, particularly when the construction presents a question solely of law. Great No. Ry. v. Merchants Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943 (1922). The application of rules of construction to undisputed facts, the situation here, is classically a question of law. There is no reason to defer to the Commission's construction in such circumstance. The Commission's determination was not reached "upon voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable * * *." Great No. Ry. v. Merchants Elevator Co., supra at 291, 42 S.Ct. at 479.

For the foregoing reasons we hold that the tariffs under scrutiny were erroneously interpreted by the Commission and that the district court erred in upholding the Commission's decision. The judgment of the district court is reversed.

## APPENDIX A

MF–I.C.C. No. 75
Cancels
MF–I.C.C. No. 57

# HOUSEHOLD GOODS CARRIERS' BUREAU

## AGENT

### TARIFF NO. 64A

Cancels Tariff No. 47A

NAMING

LOCAL, AND JOINT RATES

— on —

# HOUSEHOLD GOODS

BETWEEN

POINTS WITHIN THE UNITED STATES ALSO FROM AND
TO POINTS IN THE UNITED STATES TO AND FROM
POINTS IN CANADA AND MEXICO

---

For reference to governing Mileage Guide, see
Rule No. 9, Page 8 of Tariff or as amended.

---

*Distance or mileage commodity rates shown herein may be used only when no commodity rates (other than distance commodity rates) have been published to apply from and to the same points over the same route.*

---

The form of this Publication authorized by I.C.C. Permission No. M–97855.

---

ISSUED NOVEMBER 30, 1956                    EFFECTIVE JANUARY 1, 1957

ISSUED BY

## J. F. ROWAN, EXECUTIVE SECRETARY

1424 Sixteenth Street, N. W.
WASHINGTON, 6, D. C.

All rates in this Section are increases
unless otherwise indicated.

# SECTION II

## TRANSPORTATION RATES

# TABLE

# A

## APPLICATION

Table A rates apply on:

SHIPMENTS released to a value not exceeding 30 cents per pound per article.

TRANSPORTED between all points in the UNITED STATES, CANADA AND MEXICO.

Rates in this section apply on shipments defined as household goods (Item 100), consisting of personal effects and property used or to be used in a dwelling when a part of the equipment or supply of such dwelling; furniture, fixtures, equipment and the property of stores, offices, museums, institutions, hospitals, or other establishments, when a part of the stock, equipment, or supply of such stores, offices, museums, institutions, hospitals, or other establishments; and objects of art, displays, and exhibits.

EXCEPTION 1: Such rates will not apply on shipments defined as household goods (Item 100), consisting wholly of articles which because of their unusual nature or value require specialized handling and equipment usually employed in moving household goods. (FOR RATES TO APPLY, SEE SECTION IV.)

EXCEPTION 2: These rates will not apply in territory described in SECTION III except as otherwise provided in Section III and Rule 17.

EXCEPTION 3: These rates apply on pick-up or delivery of storage-in-transit shipments as provided in Rule 17.

NOTE: For rates to apply on shipments where the declared value exceeds 30 cents per pound per article, see CONVERSION TABLE herein.

## SECTION II

Rates are in dollars and cents per 100 pounds applied to actual weight (Subject to Rules 5, 17 and 25), on SHIPMENTS when released to a value not exceeding 30 cents per pound per article, and includes loading and unloading and the actual movement or transportation of property from origin to destination, but do not include Additional Services and Charges shown in Section I.

Break Point indicates weight at which a lower charge develops by use of lowest weight and applicable rate in next higher weight bracket.  (See Rule 24)

| MILES | 500 lbs. to 999 lbs. incl. | BREAK POINT | 1,000 lbs. to 1,999 lbs., incl. | BREAK POINT | 2,000 lbs. to 3,999 lbs., incl. | BREAK POINT | 4,000 lbs. to 7,999 lbs., incl. | BREAK POINT | 8,000 lbs. and over |
|---|---|---|---|---|---|---|---|---|---|
| 1 to 15 | 4.10 | 671 | 2.75 | 1673 | 2.30 | 3653 | 2.10 | 6857 | 1.80 |
| 16 to 20 | 4.25 | 671 | 2.85 | 1685 | 2.40 | 3584 | 2.15 | 6884 | 1.85 |
| 21 to 30 | 4.40 | 671 | 2.95 | 1695 | 2.50 | 3521 | 2.20 | 6809 | 1.90 |
| 31 to 40 | 4.65 | 667 | 3.10 | 1678 | 2.60 | 3539 | 2.30 | 6783 | 1.95 |
| 41 to 50 | 4.85 | 671 | 3.25 | 1693 | 2.75 | 3491 | 2.40 | 6833 | 2.05 |

\* \* \* \* \* \* \*

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3801 to 3900 | 39.05 | 668 | 26.05 | 1847 | 24.05 | 3793 | 22.80 | 7877 | 22.45 |
| 3901 to 4000 | 39.80 | 668 | 26.55 | 1846 | 24.50 | 3796 | 23.25 | 7880 | 22.90 |
| 4001 to 4100 | 40.50 | 667 | 27.00 | 1849 | 24.95 | 3808 | 23.75 | 7865 | 23.35 |
| 4101 to 4200 | 41.15 | 668 | 27.45 | 1851 | 25.40 | 3803 | 24.15 | 7885 | 23.80 |
| 4201 to 4300 | 41.85 | 667 | 27.90 | 1854 | 25.85 | 3807 | 24.60 | 7886 | 24.25 |

Over 4300 miles, see Rule 23.

NOTE:  For rates to apply on shipments where the declared value exceeds 30 cents per pound per article see CONVERSION TABLE herein.

All rates are increases unless
otherwise indicated.

# SECTION III

## TRANSPORTATION RATES

## TABLE

## A

## APPLICATION

Table A rates apply on: SHIPMENTS released to a value not exceeding 30 cents per pound per article.

| FROM<br>(Point of Origin) | TO<br>(Point of Destination) |
|---|---|
| CONNECTICUT<br>DELAWARE<br>MAINE<br>MASSACHUSETTS<br>MICHIGAN<br>NEW HAMPSHIRE<br>NEW JERSEY<br>NEW YORK<br>OHIO<br>PENNSYLVANIA<br><br>RHODE ISLAND<br>VERMONT,<br>  and<br>      the City of Chicago, Illinois including Cook and Lake Counties<br>      and any point within the territory bounded by Lake Michigan<br>      and Indiana State line on the East, U. S. Highway 30 on the<br>      South, State Highway 31 on the West and State Highway 120<br>      on the North including corporate limits of points and places<br>      on the specified highways, and the City of Gary, Indiana, in-<br>      cluding any point in Lake County. | To any point in the United States, Canada and Mexico. |

     Rates in this section apply on shipments defined as household goods (Item 100), consisting of personal effects and property used or to be used in a dwelling when a part of the equipment or supply of such dwelling; furniture, fixtures, equipment and property of stores, offices, museums, institutions, hospitals, or other establishments when a part of the stock, equipment, or supply of such stores, offices, museums, institutions, hospitals, or other establishments; and objects of art, displays, and exhibits.

EXCEPTION 1:  Rates in this section will not apply on shipments defined as household goods (Item 100), consisting wholly of articles which because of their unusual nature or value require specialized handling and equipment usually employed in moving household goods. (FOR RATES TO APPLY, SEE SECTION IV.)

EXCEPTION 2:  These rates apply on pick-up or delivery of storage-in-transit shipments as provided in RULE 17.

NOTE:  For rates to apply on SHIPMENTS where the declared value exceeds 30 cents per pound per article, see CONVERSION TABLE herein.

355 F.2d—22

## SECTION III

Rates are in dollars and cents per 100 pounds applied to actual weight (Subject to Rules 5, 17 and 25), on SHIPMENTS when released to a value not exceeding 30 cents per pound per article, and includes loading and unloading and the actual movement or transportation of property from origin to destination, but do not include Additional Services and charges shown in Section I.

Break Point indicates weight at which a lower charge develops by use of lowest weight and applicable rate in next higher weight bracket. (See Rule 24)

| MILES | 500 lbs. to 999 lbs. incl. | BREAK POINT | 1,000 lbs. to 1,999 lbs., incl. | BREAK POINT | 2,000 lbs. to 3,999 lbs., incl. | BREAK POINT | 4,000 lbs. to 7,999 lbs., incl. | BREAK POINT | 8,000 lbs. and over |
|---|---|---|---|---|---|---|---|---|---|
| 1 to 15 | 5.85 | 667 | *3.90 | 1693 | *3.30 | 3455 | *2.85 | 7035 | *2.50 |
| 16 to 20 | 6.00 | 667 | 4.00 | 1676 | *3.35 | 3463 | *2.90 | 7051 | *2.55 |
| 21 to 30 | 6.15 | 667 | 4.10 | 1659 | *3.40 | 3471 | *2.95 | 7067 | *2.60 |
| 31 to 40 | 6.30 | 667 | 4.20 | 1643 | *3.45 | 3479 | *3.00 | 7017 | *2.65 |
| 41 to 50 | 6.45 | 667 | 4.30 | 1652 | *3.55 | 3493 | 3.10 | 6968 | *2.70 |
| 51 to 60 | 6.60 | 667 | 4.40 | 1660 | 3.65 | 3453 | 3.15 | 6985 | *2.75 |
| 61 to 70 | 6.75 | 667 | 4.50 | 1645 | 3.70 | 3460 | 3.20 | 7001 | *2.80 |
| 71 to 80 | 6.90 | 667 | 4.60 | 1631 | 3.75 | 3467 | 3.25 | 7016 | *2.85 |
| 81 to 90 | 7.05 | 667 | 4.70 | 1639 | 3.85 | 3429 | 3.30 | 7030 | *2.90 |
| 91 to 100 | 7.20 | 667 | 4.80 | 1646 | 3 95 | 3393 | 3.35 | 7165 | 3.00 |
| 101 to 110 | 7.25 | 669 | 4.85 | 1650 | 4.00 | 3401 | 3.40 | 7177 | 3.05 |
| 111 to 120 | 7.35 | 667 | 4.90 | 1674 | 4.10 | 3366 | 3.45 | 7305 | 3.15 |
| 121 to 130 | 7.40 | 669 | 4.95 | 1677 | 4.15 | 3374 | 3.50 | 7314 | 3.20 |
| 131 to 140 | 7.50 | 667 | 5.00 | 1701 | 4.25 | 3341 | 3.55 | 7324 | 3.25 |
| 141 to 150 | 7.65 | 667 | 5.10 | 1706 | 4.35 | 3357 | 3.65 | 7233 | 3.30 |
| 151 to 160 | 7.70 | 667 | 5.15 | 1709 | 4.40 | 3364 | 3.70 | 7244 | 3.35 |
| 161 to 170 | 7.85 | 669 | 5.25 | 1696 | 4.45 | 3371 | 3.75 | 7253 | 3.40 |
| 171 to 180 | 8.00 | 669 | 5.35 | 1683 | 4.50 | 3378 | 3.80 | 7263 | 3.45 |
| 181 to 190 | 8.15 | 669 | 5.45 | 1689 | 4.60 | 3348 | 3.85 | 7273 | 3.50 |
| 191 to 200 | 8.30 | 669 | 5.55 | 1694 | 4.70 | 3319 | 3.90 | 7385 | 3.60 |
| 201 to 220 | 8.55 | 667 | 5.70 | 1702 | 4.85 | 3299 | 4.00 | 7401 | 3.70 |
| 221 to 240 | 8.75 | 669 | 5.85 | 1710 | 5.00 | 3281 | 4.10 | 7414 | 3.80 |
| 241 to 260 | 9.00 | 667 | 6.00 | 1717 | 5.15 | 3263 | 4.20 | 7429 | 3.90 |
| 261 to 280 | 9.30 | 667 | 6.20 | 1710 | 5.30 | 3283 | 4.35 | 7448 | 4.05 |
| 281 to 300 | 9.60 | 667 | 6.40 | 1704 | 5.45 | 3303 | 4.50 | 7378 | 4.15 |
| 301 to 320 | 9.80 | 669 | 6.55 | 1710 | 5.60 | 3286 | 4.60 | 7392 | 4.25 |
| 321 to 340 | 10.10 | 669 | 6.75 | 1704 | 5.75 | 3305 | 4.75 | 7326 | 4.35 |
| 341 to 360 | 10.40 | 669 | 6.95 | 1698 | 5.90 | 3289 | 4.85 | 7341 | 4.45 |
| 361 to 380 | 10.70 | 669 | 7.15 | 1693 | 6.05 | 3273 | 4.95 | 7434 | 4.60 |
| 381 to 400 | 11.00 | 669 | 7.35 | 1688 | 6.20 | 3291 | 5.10 | 7451 | 4.75 |
| 401 to 420 | 11.25 | 667 | 7.50 | 1694 | 6.35 | 3276 | 5.20 | 7461 | 4.85 |
| 421 to 440 | 11.45 | 669 | 7.65 | 1700 | 6.50 | 3262 | 5.30 | 7472 | 4.95 |
| 441 to 460 | 11.70 | 667 | 7.80 | 1706 | 6.65 | 3249 | 5.40 | 7481 | 5.05 |
| 461 to 480 | 11.90 | 669 | 7.95 | 1711 | 6.80 | 3236 | 5.50 | 7491 | 5.15 |
| 481 to 500 | 12.20 | 669 | 8.15 | 1706 | 6.95 | 3224 | 5.60 | 7572 | 5.30 |

Over 500 miles, apply rates shown in Section II.

NOTE: For rates to apply on shipments where the declared value exceeds 30 cents per pound per article see CONVERSION TABLE herein.

## APPENDIX B

MF-I.C.C. No. 89
Cancels
MF-I.C.C. No. 75

# HOUSEHOLD GOODS CARRIERS' BUREAU

## Agent

## TARIFF NO. 77–A

(Cancels Tariff No. 64–A)

NAMING

LOCAL AND JOINT RATES

— on —

## HOUSEHOLD GOODS

BETWEEN
POINTS WITHIN THE UNITED STATES
(Except Between Points and Places in Alaska and Hawaii)
ALSO FROM AND TO POINTS IN THE UNITED STATES
TO AND FROM POINTS IN CANADA AND MEXICO.

For reference to governing Mileage Guide, see
Rule No. 9, Page 9 of Tariff or as amended.

Distance or mileage commodity rates shown herein may be used only when no commodity rates (other than distance commodity rates) have been published to apply from and to the same points over the same route.

*The form of this publication authorized by I.C.C. Permission No. M–11870.*

ISSUED: SEPTEMBER 2, 1959                    EFFECTIVE: OCTOBER 10, 1959

ISSUED BY
F. L. WYCHE, Executive Secretary
2000 P Street, N.W., Suite 305
Washington 6, D. C.

All rates in this Section are increases
unless otherwise indicated.·

# SECTION II

# TRANSPORTATION RATES

# TABLE A

# APPLICATION

Table A rates apply on:

SHIPMENTS released to a value not exceeding 30 cents per pound per article.

TRANSPORTED between all points in the UNITED STATES (except between points and places in Alaska and Hawaii), CANADA AND MEXICO.

Rates in this SECTION apply on shipments of household goods as embraced in Paragraphs 1 and 2 of Item 100, and on shipments of objects of art, displays and exhibits, or parts thereof, embraced in Paragraph 3 of Item 100. (For rates to apply on shipments consisting wholly of other articles embraced in Paragraph 3 of Item 100, see Section IV.)

These rates will not apply in territory described in Sections III, and V, except as otherwise provided in Section III and Rule 17.

These rates apply on pick-up or delivery of storage-in-transit shipments as provided in Rule 17.

NOTE:  For rates to apply on shipments where the declared value exceeds 30 cents per pound per article, see CONVERSION TABLE herein.

## SECTION II

Rates are in dollars and cents per 100 pounds applied to actual weight (Subject to Rules 5, 17 and 25), on SHIPMENTS when released to a value not exceeding 30 cents per pound per article, and includes loading and unloading and the actual movement or transportation of property from origin to destination, but do not include Additional Services and charges shown in Section I.

Break Point indicates weight at which a lower charge develops by use of lowest weight and applicable rate in next higher weight bracket. (See Rule 24)

| MILES | 500 lbs. to 999 lbs. incl. | BREAK POINT | 1,000 lbs. to 1,999 lbs. incl. | BREAK POINT | 2,000 lbs. to 3,999 lbs. incl. | BREAK POINT | 4,000 lbs. to 7,999 lbs. incl. | BREAK POINT | 8,000 lbs. to 11,999 lbs. incl. | BREAK POINT | 12,000 lbs. and over |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1–15 | 4.45 | 675 | 3.00 | 1668 | 2.50 | 3521 | 2.20 | 6546 | ● 1.80 | 11334 | ● 1.70 |
| 16–20 | 4.65 | 668 | 3.10 | 1678 | 2.60 | 3463 | 2.25 | 6579 | ● 1.85 | 11352 | ● 1.75 |
| 21–30 | 4.85 | 671 | 3.25 | 1662 | 2.70 | 3409 | 2.30 | 6610 | ● 1.90 | 11369 | ● 1.80 |
| 31–40 | 5.05 | 674 | 3.40 | 1648 | 2.80 | 3358 | 2.35 | 6639 | ● 1.95 | 11386 | ● 1.85 |
| 41–50 | 5.25 | 677 | 3.55 | 1635 | 2.90 | 3311 | 2.40 | 6668 | ● 2.00 | 11401 | ● 1.90 |

✻ ✻ ✻ ✻ ✻ ✻ ✻

| 3801–3900 | 29.00 | 863 | ● 25.00 | 1857 | ● 23.20 | 3734 | ● 21.65 | 7871 | ● 21.30 | 11860 | 21.05 |
| 3901–4000 | 29.20 | 862 | ● 25.15 | 1862 | ● 23.40 | 3736 | ● 21.85 | 7891 | ● 21.55 | 11834 | 21.25 |
| 4001–4100 | 29.40 | 865 | ● 25.40 | 1859 | ● 23.60 | 3738 | ● 22.05 | 7892 | ● 21.75 | 11863 | 21.50 |
| 4101–4200 | 29.60 | 866 | ● 25.60 | 1860 | ● 23.80 | 3740 | ● 22.25 | 7893 | ● 21.95 | 11837 | 21.65 |
| 4201–4300 | 29.80 | 867 | ● 25.80 | 1861 | ● 24.00 | 3742 | ● 22.45 | 7894 | ● 22.15 | 11865 | 21.90 |

NOTE: For rates to apply on shipments where the declared value exceeds 30 cents per pound per article see Conversion Table herein.

ALL RATES IN THIS SECTION ARE INCREASES
UNLESS OTHERWISE INDICATED.

# SECTION III

# TRANSPORTATION RATES

## TABLE A

## APPLICATION

Table A rates apply on: SHIPMENTS released to a value not exceeding 30 cents per pound per article.

| FROM (Point of Origin) | TO (Point of Destination) |
|---|---|
| CONNECTICUT: Any point within the State.<br>DELAWARE: Any point within the State.<br>ILLINOIS: The City of Chicago, Illinois including Cook and Lake Counties, and any point within the territory bounded by Lake Michigan and Indiana State line on the East, U. S. Hwy. 30 on the South, State Hwy. 31 on the West and State Hwy. 120 on the North, including corporate limits of points and places on the specified highways.<br>Any point in Rock Island County.<br>INDIANA: The City of Gary including any point in Lake County.<br>Any point in La Porte and Porter Counties.<br>IOWA: Any point in Polk and Scott Counties.<br>MAINE: Any point within the State.<br>MASSACHUSETTS: Any point within the State.<br>MICHIGAN: Any point within the State.<br>NEW HAMPSHIRE: Any point within the State.<br>NEW JERSEY: Any point within the State.<br>NEW YORK: Any point within the State.<br>OHIO: Any point within the State.<br>PENNSYLVANIA: Any point within the State.<br>RHODE ISLAND: Any point within the State.<br>VERMONT: Any point within the State.<br>WEST VIRGINIA: Any point in the Counties of Brooke, Hancock, Marshall, Ohio and Wetzel. | TO ANY POINT IN THE UNITED STATES (except between points and places in Alaska and Hawaii), CANADA AND MEXICO. |

Rates in this SECTION apply on shipments of household goods as embraced in Paragraphs 1 and 2 of Item 100, and on shipments of objects of art, displays and exhibits, or parts thereof, embraced in Paragraph 3 of Item 100. (For rates to apply on shipments consisting wholly of other articles embraced in Paragraph 3 of Item 100, see Section IV.)

These rates apply on pick-up or delivery of storage-in-transit shipments as provided in Rule 17.

NOTE: For rates to apply on shipments where the declared value exceeds 30 cents per pound per article, see CONVERSION TABLE herein.

## SECTION III

Rates are in dollars and cents per 100 pounds applied to actual weight (Subject to Rules 5, 17 and 25), on SHIPMENTS when released to a value not exceeding 30 cents per pound per article, and includes loading and unloading and the actual movement or transportation of property from origin to destination, but do not include Additional Services and charges shown in Section I.

Break Point indicates weight at which a lower charge develops by use of lowest weight and applicable rate in next higher weight bracket. (See Rule 24)

| MILES | 500 lbs. to 999 lbs. incl. | BREAK POINT | 1,000 lbs. to 1,999 lbs. incl. | BREAK POINT | 2,000 lbs. to 3,999 lbs. incl. | BREAK POINT | 4,000 lbs. to 7,999 lbs. incl. | BREAK POINT | 8,000 lbs. to 11,999 lbs. incl. | BREAK POINT | 12,000 lbs. and over |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1–15 | 6.35 | 670 | 4.25 | 1695 | 3.60 | 3334 | 3.00 | 6667 | ● 2.50 | 11521 | ● 2.40 |
| 16–20 | 6.50 | 670 | 4.35 | 1702 | 3.70 | 3352 | 3.10 | 6710 | 2.60 | 11539 | ● 2.50 |
| 21–30 | 6.65 | 670 | 4.45 | 1709 | 3.80 | 3369 | 3.20 | 6751 | 2.70 | 11557 | ● 2.60 |
| 31–40 | 6.80 | 670 | 4.55 | 1715 | 3.90 | 3334 | 3.25 | 6893 | 2.80 | 11572 | ● 2.70 |
| 41–50 | 6.95 | 670 | 4.65 | 1721 | 4.00 | 3301 | 3.30 | 7031 | 2.90 | 11587 | ● 2.80 |
| 51–60 | 7.10 | 670 | 4.75 | 1706 | 4.05 | 3309 | 3.35 | 7165 | 3.00 | 11401 | 2.85 |
| 61–70 | 7.25 | 670 | 4.85 | 1691 | 4.10 | 3318 | 3.40 | 7177 | 3.05 | 11410 | 2.90 |
| 71–80 | 7.40 | 670 | 4.95 | 1677 | 4.15 | 3326 | 3.45 | 7189 | 3.10 | 11420 | 2.95 |
| 81–90 | 7.60 | 665 | 5.05 | 1664 | 4.20 | 3334 | 3.50 | 7201 | 3.15 | 11429 | 3.00 |
| 91–100 | 7.75 | 665 | 5.15 | 1651 | 4.25 | 3342 | 3.55 | 7212 | 3.20 | 11438 | 3.05 |
| 101–110 | 7.90 | 665 | 5.25 | 1639 | 4.30 | 3350 | 3.60 | 7223 | 3.25 | 11447 | 3.10 |
| 111–120 | 8.00 | 669 | 5.35 | 1627 | 4.35 | 3357 | 3.65 | 7234 | 3.30 | 11455 | ● 3.15 |
| 121–130 | 8.10 | 673 | 5.45 | 1615 | 4.40 | 3364 | 3.70 | 7244 | 3.35 | 11463 | ● 3.20 |
| 131–140 | 8.20 | 677 | 5.55 | 1604 | 4.45 | 3372 | 3.75 | 7254 | 3.40 | 11472 | ● 3.25 |
| 141–150 | 8.30 | 681 | 5.65 | 1594 | 4.50 | 3378 | 3.80 | 7264 | 3.45 | 11479 | ● 3.30 |
| 151–160 | 8.40 | 685 | 5.75 | 1601 | 4.60 | 3349 | 3.85 | 7273 | 3.50 | 11486 | ● 3.35 |
| 161–170 | 8.50 | 683 | 5.80 | 1621 | 4.70 | 3320 | 3.90 | 7283 | 3.55 | 11493 | ● 3.40 |
| 171–180 | 8.60 | 681 | 5.85 | 1642 | 4.80 | 3292 | 3.95 | 7393 | 3.65 | 11343 | ● 3.45 |
| 181–190 | 8.70 | 679 | 5.90 | 1662 | 4.90 | 3266 | 4.00 | 7501 | 3.75 | 11361 | 3.55 |
| 191–200 | 8.85 | 679 | 6.00 | 1667 | 5.00 | 3281 | 4.10 | 7513 | 3.85 | 11378 | 3.65 |
| 201–220 | 9.00 | 678 | 6.10 | 1689 | 5.15 | 3263 | 4.20 | 7525 | 3.95 | 11394 | 3.75 |
| 221–240 | 9.20 | 680 | 6.25 | 1697 | 5.30 | 3246 | 4.30 | 7536 | 4.05 | 11408 | 3.85 |
| 241–260 | 9.40 | 687 | 6.45 | 1691 | 5.45 | 3230 | 4.40 | 7546 | 4.15 | 11422 | 3.95 |
| 261–280 | 9.60 | 693 | 6.65 | 1685 | 5.60 | 3251 | 4.55 | 7473 | 4.25 | 11436 | ● 4.05 |
| 281–300 | 9.85 | 696 | 6.85 | 1680 | 5.75 | 3270 | 4.70 | 7490 | 4.40 | 11319 | ● 4.15 |
| 301–320 | 10.10 | 699 | 7.05 | 1674 | 5.90 | 3289 | 4.85 | 7506 | 4.55 | 11210 | ● 4.25 |
| 321–340 | 10.35 | 701 | 7.25 | 1670 | 6.05 | 3306 | 5.00 | 7521 | 4.70 | 11107 | ● 4.35 |
| 341–360 | 10.60 | 703 | 7.45 | 1665 | 6.20 | 3323 | 5.15 | 7457 | 4.80 | 11126 | ● 4.45 |
| 361–380 | 10.85 | 706 | 7.65 | 1661 | 6.35 | 3308 | 5.25 | 7467 | 4.90 | 11266 | ● 4.60 |
| 381–400 | 11.05 | 706 | 7.80 | 1680 | 6.55 | 3268 | 5.35 | 7477 | 5.00 | 11401 | ● 4.75 |
| 401–420 | 11.30 | 704 | 7.95 | 1686 | 6.70 | 3254 | 5.45 | 7487 | 5.10 | 11413 | ● 4.85 |
| 421–440 | 11.55 | 702 | 8.10 | 1692 | 6.85 | 3242 | 5.55 | 7496 | 5.20 | 11424 | ● 4.95 |
| 441–460 | 11.80 | 700 | 8.25 | 1698 | 7.00 | 3229 | 5.65 | 7505 | 5.30 | 11435 | ● 5.05 |
| 461–480 | 12.05 | 702 | 8.45 | 1693 | 7.15 | 3245 | 5.80 | 7518 | 5.45 | 11450 | 5.20 |
| 481–500 | 12.30 | 704 | 8.65 | 1688 | 7.30 | 3261 | 5.95 | 7530 | 5.60 | 11466 | 5.35 |

NOTE: For rates to apply on shipments where the declared value exceeds 30 cents per pound per article see Conversion Table herein.